568 So.2d 960 (1990)
Howard I. KAY, Appellant,
v.
Jerry B. KATZEN, H. Stephen Rash, Rash & Katzen, P.A. and Rash, Katzen, Kay & Pintado, P.A., Appellees.
Nos. 89-251, 89-2438.
District Court of Appeal of Florida, Third District.
October 2, 1990.
Rehearing Denied November 20, 1990.
Stanley Jay Bartel, Miami, for appellant.
Gilbride, Heller & Brown and Lawrence Heller, Miami, and Linda H. Gottlieb, Coral Gables, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Howard I. Kay from an adverse final judgment entered upon directed verdict after the jury had returned a verdict in his favor in an action for breach of an oral agreement to share profits from a law firm against the defendants Jerry B. Katzen, H. Stephen Rash, and Rash, Katzen, Kay & Pintado, *961 P.A.; this is also an appeal by the plaintiff from a subsequent adverse cost judgment entered in favor of the above defendants. We affirm in part and reverse in part.
First, the trial court properly entered a directed verdict for the defendants on the breach of contract action; plainly, the oral agreement sued upon was barred by the statute of frauds. § 725.01, Fla. Stat. (1987). Contrary to the plaintiff's argument, (1) the subject oral agreement could not be performed within one year of its making, (2) there were no writings evidencing that the plaintiff was entitled to a profit distribution from the professional association, and (3) there was no partial performance on the part of the plaintiff to take the case out of the statute of frauds. Byam v. Klopcich, 454 So.2d 720 (Fla. 4th DCA 1984); Lane, Gelety, Woolsey & Centrone, P.A. v. Woolsey, 377 So.2d 743 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1120 (Fla. 1980); First Realty Invest. Corp. v. Gallaher, 345 So.2d 1088 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1214 (Fla. 1978).
Second, the trial court properly entered a summary judgment on the plaintiff's action for conversion, civil theft, and punitive damages. The claim sued upon was clearly a contractual claim, not a tort claim, and accordingly the actions for conversion, civil theft, and punitive damages did not lie. AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla. 1987); Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986); Waltman v. Prime Motor Inns, Inc., 446 So.2d 185 (Fla. 3d DCA 1984), approved in part, quashed in part, 480 So.2d 88 (Fla. 1985); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla. 1982).
Third, there is no merit to plaintiff's chief attack on the cost judgment. Assuming without deciding that Fla.R. Civ.P. 1.442 (1989 version) is inapplicable to this case, as urged by the plaintiff, because the subject rule does not allow costs for a defendant who, as here, is the prevailing party, see Delta Air Lines, Inc. v. August, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), plainly the defendants in the instant case were entitled to all their "legal costs and charges" under Section 57.041, Florida Statutes (1989), because they were the prevailing parties below; indeed, the trial court had no discretion to deny the defendants such costs. Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990). This being so, we reject the plaintiff's primary contention that the defendants were entitled to no costs whatever in this action. Upon the defendants' concession, however, that not all the items of cost assessed below were proper taxable costs, we reverse the cost judgment under review and remand the cause to the trial court to assess taxable costs only. See Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983) (quoting October 28, 1981 Florida Supreme Court Administrative Order: In re Statewide Uniform Guidelines For Taxation of Costs in Civil Actions).[1]
Affirmed in part; reversed in part and remanded.
NOTES
[1] In this connection, we reject the contention that the defendants were inter alia entitled to nontaxable costs under Fla.R.Civ.P. 1.442 (1989 version). Even if this rule were applicable to this case  and we assume without deciding that it is not  the defendants would only be entitled to their taxable costs, not nontaxable costs as well. Horn v. Corkland Corp., 518 So.2d 418, 421 (Fla. 2d DCA 1988); Insurance Co. of North America v. Twitty, 319 So.2d 141, 143 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 22 (Fla. 1976). Contrary to the defendant's argument, nothing we have said in Santiesteban v. McGrath, 320 So.2d 476, 478 (Fla. 3d DCA 1975), should be construed as announcing a contrary rule.