PARKER, Chief Judge.
Henry D. Perry (Perry) and C & S Chemicals, Inc. (C & S), appeal the final judgment following a jury trial in this personal injury case arising from a dislodged spare tire strik *1258 ing the vehicle of Lawrence C. McDougald. We reverse with directions to the trial court to enter a directed verdict in favor of Perry and C & S because the trial court erred by not granting Perry’s and C & S’s motion for directed verdict on the issue of negligence, by instructing the jury on res ipsa loquitur, and by not directing a verdict on the issue of future and past loss of earning capacity.
In July 1990, McDougald was driving his personal vehicle behind C & S’s tractor-trailer, driven by Perry. As the tractor-trailer crossed over the railroad tracks traversing the road, the spare tire, weighing approximately 130 pounds, came out of its cradle located underneath the trailer. The trailer’s rear wheels ran over the spare tire which caused the spare tire to bounce into the air and collide with McDougald’s vehicle. McDougald told Perry and witnesses at the accident scene that he was not hurt. Subsequently, he alleged a knee injury and filed this action almost four years following the accident.
An independent witness testified that he did not notice any improper driving by Perry. There was no testimony that Perry improperly operated the tractor-trailer. Perry testified that he was traveling approximately 35 mph to 40 mph in a 55 mph zone as he crossed over the railroad tracks. Perry described the railroad as very rough.
The cradle which holds the spare tire under the trailer had an attached safety chain that secured the spare tire. Upon inspection of the chain after this incident, Perry found that one of the chain’s links had stretched out allowing one end of a bolt, which secured the chain, to pass through the link. McDougald confirmed that after the accident Perry had the chain in his hand. The investigating officer recalled that he found some relatively minor damage to the undercarriage of the trailer.
Perry testified that he has been driving tractor-trailers since 1963 and has experience with spare tires and safety chains similar to those involved in this incident. Perry testified that he performed a complete inspection of his vehicle, including checking the spare tire and chain, at the start of his trip that day. He admitted that although he checked the chain, he did not examine each link during his inspection. Perry did not know when the link in the chain stretched out allowing the bolt and washer to pass through* the link, but he knew that the chain was secure when he began his trip that morning.
Perry testified that the chain appeared to be the original chain that came with the trailer.[1] He described the chain as approximately four to six feet long with oneineh links. Perry testified that he believed that one end of the chain originally had a latch which was used to attach the chain; however, this latch was gone and the ends of the chain were attached with a half-inch bolt and nut, with washers, which passed through the links of the chain.
Roy Beverly, C & S’s operations manager, explained that the spare tire sits in an angled cradle underneath the trailer and essentially is held there by gravity. Beverly stated that the safety chain attached to the cradle is tied around the spare tire as a back-up measure, and that unless the tire moves there is no stress placed upon this chain during normal driving. Beverly testified that the vehicles undergo routine safety inspections. He also testified that the chain and its method of attachment met all Department of Transportation regulations. Prior to this accident, Beverly had never heard of a spare tire coming out of a rack. Beverly testified that Perry and another driver cheeked the trader twice a day.
Following the completion of McDougald’s case, Perry and C & S moved for a directed verdict arguing that McDougald failed to prove negligence on the part of Perry or C & S. The trial court denied the motion. We *1259 conclude that the trial court erred by denying the motion because the evidence produced at trial did not establish any negligence by Perry or C & S. The trial court instructed the jury on negligence and on the doctrine of res ipsa loquitur.
We note that directed verdicts in negligence cases should be granted with caution. In determining whether to grant the motion, the trial court must view all of the evidence in a light most favorable to the nonmoving party and all conflicts in the evidence must be resolved in favor of the non-moving party. Azar v. Richardson Greenshields Securities, Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988). “The motion should be denied if the evidence is conflicting or different conclusions or inferences can be drawn from it.” Id. Generally, there is enough evidence from which a jury can determine whether or not the défendant has been negligent. However, if the plaintiff fails to prove all the elements necessary for the application of the doctrine of res ipsa loquitur and the evidence is insufficient to prove negligence apart from the doctrine of res ipsa loquitur, then the court should direct the verdict.
In this case, MeDougald failed to provide any evidence, expert or otherwise, that Perry or C & S had been negligent in the maintenance of the trailer, in the attachment of the safety chain, or in the operation of the trailer. MeDougald only showed the occurrence and the results of the dislodged tire and broken safety chain, asserting that, the only way the chain could have broken and the tire dislodge was the product of negligent and improper maintenance by C & S and Perry, or the negligent operation of the trailer. MeDougald did not present any evidence that Perry’s speed was excessive and caused the chain to break as the trailer went over the railroad tracks, that Perry and C & S improperly attached the safety chain to the spare tire cradle with a nut and bolt, or whether the missing latch was contrary to industry standard.
The facts are undisputed. The central question in this case is whether Perry and/or C & S breached their duty to maintain the trailer in a reasonably safe condition. The evidence established the type of safety chain used to hold the spare tire in place. The real issue was whether this chain was secured properly with a nut and bolt and whether the chain and bolt assembly malfunctioned because it was secured incorrectly or whether it malfunctioned from some other reason. MeDougald could have produced evidence regarding whether or not this safety chain was attached improperly and contrary to industry custom and whether Perry’s speed was excessive for the road conditions.
If the chain broke or stretched from too much stress, and this condition had not yet occurred during the daily inspections by C & S drivers, this would not be negligence on the part of Perry or C & S because there was no showing of a breach of due care in the inspection and maintenance of this chain and tire. With no evidence offered of negligence, an equally sound argument can be made that this chain failed from a manufacturing defect, road hazards, or metal fatigue. Because MeDougald did not provide any evidence that Perry or C & S were negligent in their maintenance of the trailer, the court should have granted their motion for directed verdict. See Cooper Hotel Servs., Inc. v. MacFarland, 662 So.2d 710, 712 (Fla. 2d DCA 1995), review denied, 670 So.2d 989 (Fla. 1996) (Guest failed to establish that hotel breached its duty of care; therefore, the verdict should have been directed).
MeDougald forcefully argues that he was entitled to a jury verdict based upon the doctrine of res ipsa loquitur. However, it was reversible error for the trial court to give the res ipsa loquitur instruction when MeDougald failed to prove that this accident would not, in the ordinary course of events, have occurred without negligence by the defendants. See Goodyear Tire & Rubber Co. v. Hughes Supply Inc., 358 So.2d 1339 (Fla.1978). The mere fact that an accident occurs does not support the application of the doctrine. In Goodyear, the supreme court stated:
Res ipsa loquitur — “the thing speaks for itself’ — is a doctrine of extremely limited applicability. It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is *1260 wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control. ...
Plainly, the threshold inquiry is whether that which occurred is a phenomenon which does not ordinarily happen except in the absence of due care. The initial burden is on the plaintiff to establish that the circumstances attendant to the injury are such that, in the light of past experience, negligence is the probable cause and the defendant is the probable actor. An injury standing alone, of course, ordinarily does not indicate negligence. The doctrine of res ipsa loquitur simply recognizes that in rare instances an injury may permit an inference of negligence if coupled with a sufficient showing of its immediate, precipitating cause.
Goodyear, 358 So.2d at 1341-42 (footnotes omitted).
The facts in this case fail to support the inference that absent Perry’s or C & S’s negligence the chain would not have otherwise come loose. Other possible explanations exist to explain the failure of the chain. Perry’s testimony regarding the chain, his inspection, and his operation of the trailer on the day of the incident was reasonable and uncontradieted by McDougald. All that McDougald showed was that an accident occurred causing him injury.[2] Accordingly, the trial court committed reversible error by giving the res ipsa loquitur instruction.
Finally, we address the issue of whether the trial court erred in denying Perry’s and C & S’s motion for directed verdict for future and past loss of earning capacity regarding the hunting and guide referral business. McDougald testified that he planned to start a hunting and guide referral business when he retired. Based on his past experience of being a guide for other companies and how much those companies charged for hunting trips, McDougald estimated that he could earn $20,000 to $30,000 per year. McDougald did not provide any other evidence to support damages for past and future loss of capacity to earn.
While we acknowledge that a plaintiff can recover for a prospective business, case law requires that there be a “yardstick” by which the damages can be measured. Twyman v. Roell, 123 Fla. 2, 166 So. 215, 218 (1936). In W.W. Gay Meek Contr. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla.1989), the supreme court held that “a business can recover lost prospective profits ...,” but it must prove that: “1) the defendant’s action caused the damage and 2) there is' some standard by which the amount of damages may be adequately determined.” 545 So.2d at 1351.
In this case, there is no expert or other competent evidence which supports McDoug-ald’s claim; therefore, the evidence was insufficient to raise a jury question on this issue. Accordingly, the trial court erred by submitting this issue to the jury.
Reversed and remanded with directions to the trial court to enter a directed verdict in favor of Perry and C & S.
FULMER and QUINCE, JJ., concur.

. Destruction of evidence was not an issue in this case. The original chain was not kept because no one realized that McDougald was injured in the accident. McDougald testified that approximately six days after the accident he told an investigator from C & S that although he had some tenderness to the outside of his knee it was “no big thing.” Upon McDougald’s questioning, the investigating officer also testified that he used a short-form report at the accident scene because no one claimed any injuries requiring medical attention. Perry and C & S learned of McDoug-ald's injury when McDougald filed his complaint, four years after the accident.

. In Lewis v. Carpenter Co., 252 Va. 296, 477 S.E.2d 492 (1996), the plaintiff sued a company which owned a tractor-trailer truck. The plaintiff incurred personal injuries when the trailer came unhooked at an intersection and caused the plaintiff to strike the median in an attempt to avoid being hit by the trailer. The trial court granted the defendant’s motion for summary judgment and the supreme court affirmed stating that the plaintiff failed to prove the accident was one that would not happen unless the defendant was negligent. The plaintiff failed to prove anything but that an accident had occurred. Id. at 494.