756 So.2d 158 (2000)
Arthur P. STRAHAN, etc., et al., Appellants,
v.
Dewey L. GAULDIN, Appellee.
Nos. 5D99-230, 5D99-874.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
Rehearing Denied May 2, 2000.
*159 Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and Scott Turner of Jack, Wyatt, Tolbert & Thompson, P.A., Melbourne, for Appellants.
Jerry D. McGreal and James I. Knudson of Knudson & McGreal, P.A., Rockledge and Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellee.
PETERSON, J.
Arthur P. Strahan, Patricia Strahan, Arthur P. Strahan, Jr., and Strahan Music Inc. (collectively "the Strahans") appeal the final judgment granted to Dewey L. Gauldin for damages that resulted when a juke box fell out of a pickup truck and injured him. The Strahans contend that the trial court erred in instructing the jury on res ipsa loquitur, awarding Gauldin fees pursuant to the offer of judgment statute, and by applying a multiplier to those fees.

*160 I. RES IPSA LOQUITUR INSTRUCTION

Gauldin was injured when, without assistance, Arthur P. Strahan, Jr. attempted to load a juke box upon the bed of a pickup truck equipped with a rear power liftgate. Strahan had successfully raised the liftgate with the juke box on it, but the box then slid off the truck and hit Gauldin. Strahan, who had loaded equipment into trucks many times, described to the jury how he was attempting to load this juke box the moment before he lost control:
A: At this point the lift is up with the deck. It is like a continuous deck now. It matches up with the deck of the truck. I went to rotate it and for some reason the bottom kicks out.
Q: What causes the bottom to kick out?
A: I have no idea. I'm assuming that the outer deck, the one that it was on, had chicken tracks on it and was keeping it. When it got on the smoother surface, it may have allowed itI'm not sure when it kicked out, I had to drop back to balance it. I stopped its movement at the time, but I couldn't prevent it from going further.
Strahan speculated that perhaps the wheels on the juke box caught on something, but he was unable to explain the loss of control although he was the sole person in control of the juke box just prior to its conversion into the missile that allegedly struck Gauldin.
Notwithstanding Strahan's own inability to reach a conclusion as to the cause of the accident, the Strahans argue that Gauldin's testimony in a discovery deposition constituted direct evidence of negligence that should have prevented the trial court from instructing the jury on res ipsa loquitur. At trial, Gauldin testified that his back was to Strahan's loading activity and that he was facing the opposite direction when he was struck. In an earlier deposition, however, Gauldin testified, "No, I saw what happened, he slipped up in the back of the greasy truck, fell down and that is what shoved the juke box out." He also testified that because he did not appreciate the extent of his injuries, he did not inspect the truck bed at the time of the accident.
We do not believe that Gauldin's speculation that the accident occurred through Strahan's negligence rendered the res ipsa loquitur instruction improper in this case. Basic common sense tells us that juke boxes do not normally fly out of stationary pickup trucks absent some negligence on the part of the one in control or an intervening act of God.
Justice Wells set forth the status of res ipsa loquitur in Florida jurisprudence in McDougald v. Perry, 716 So.2d 783 (Fla. 1998).[1] McDougald suffered injuries when a 130 pound spare tire came out of its cradle as Perry drove his tractor trailer over railroad tracks. The opinion recognizes that some actions do not require experts to tell a jury that events do not usually occur in the absence of negligence. The court reached the conclusion that the spare tire escaping from the cradle and crashing into McDougald "is the type of accident which, on the basis of common experience and as a matter of general knowledge, would not occur but for the failure to exercise reasonable care by the person who had control of the spare tire." 716 So.2d 783, 786. We likewise conclude that a juke box falling from the bed of the pickup truck during the process of loading, and causing injury to a nearby pedestrian, is not the type of accident which, on the basis of common experience and as a matter of general knowledge, would occur but for the failure to exercise reasonable care. In so ruling, we find this case to be, as McDougald notes, one of those rare instances where the doctrine of res ipsa loquitur should be applied.

*161 II. OFFER OF JUDGMENT

Prior to trial, Gauldin extended an offer of judgment in the amount of $50,000 to the Strahans collectively. Florida Rule of Civil Procedure 1.442(c)(3) states:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

(Emphasis added). The Strahans, citing to McFarland & Son, Inc. v. Basel, 727 So.2d 266 (Fla.App. 5th DCA 1999), rev. denied, No. 95,408, 743 So.2d 508 (Fla. Sept. 15, 1999), claim that the trial court should not have awarded fees because Gauldin failed to allocate an amount for which he was willing to settle with respect to each of the co-defendants.
In McFarland, the plaintiff was injured in an automobile accident and sued the driver of the automobile in which the plaintiff was a passenger, sued the driver of the other vehicle, and sued the employer of the driver of the other vehicle. The complaint against the employer alleged negligent hiring and/or training. The plaintiff made a single offer of judgment to all three defendants jointly. This court agreed with the trial court's decision not to award fees because the offer made to the three defendants did not state the amount of the offer attributable to each party.
We do not agree with the Strahans that McFarland controls the result in this case. An important difference between McFarland and the instant case is that in McFarland, liability, pursuant to the allegations of the complaint, could be allocated on the basis of fault among each of the defendants. In McFarland, there were separate issues relating to the negligence of each driver and the negligence of the employer of one of the drivers in hiring, training and supervising him. In contrast, the complaint in the instant case alleged only the negligent act of Arthur P. Strahan, Jr. The other defendants, Strahan's parents and Strahan Music, Inc., and Strahan Management, were included in the complaint only under theories of vicarious liability. Unlike the plaintiff in McFarland, Gauldin could not logically apportion his offer among the Strahans because each of the individual defendants were liable for the entire amount of damages. Because of that joint and several liability, none of the individual defendants were adversely affected by the joint offer. c.f. Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999) (lack of apportionment of defendants' offer did not affect plaintiff's ability to consider it). Accordingly, we conclude that the trial court was correct in finding Gauldin's offer of judgment valid.

III. AWARD OF ATTORNEY'S FEES

The Strahans urge that there was an absence of sufficient findings of fact by the trial court to support the use of a multiplier in calculating the amount of attorney's fees awarded to Gauldin. The multiplier applied in this case was 2.0 and resulted in an award of fees to Gauldin's attorney of $145,000, an amount in excess of 73 percent of the verdict.
We note that no evidence was presented that Gauldin's counsel could not have been retained but for a multiplier. See Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla. 1999) ("The importance of this policy consideration is highlighted by the fact that the very first factor listed in Quanstrom for courts to consider in determining if a multiplier should be utilized in tort and contract cases is whether the relevant market requires a contingency fee multiplier to obtain competent counsel.") Nor, perhaps, could there have been any such testimony, as Judge Schwartz suggests in a footnote to Gonzalez v. Veloso, 731 So.2d 63 (Fla. 3d DCA 1999):

Quarere: Whether any such showing can ever be made, and thus whether a multiplier is ever appropriate, when fees are awardable only when a reasonable offer is not accepted under § 768.79, an *162 eventuality which obviously cannot be anticipated when counsel is obtained.
Gonzalez at 64, n. 2.
Gauldin retained his counsel before any promise of either a multiplier or a fee in excess of that which the ethical rules normally allow. The idea of the use of the multiplier was born in this case only after Strahan rejected a settlement offer of $50,000. The multiplier provides an incentive to a lawyer to represent a client in a case in which few lawyers would venture. The potential use of a multiplier in calculating a fee aids an injured person having a tenuous case to secure competent counsel and improves access to our system of justice. The United States Supreme Court has cautioned, however, that the use of a multiplier can also have the negative social cost of encouraging claimants with nonmeritorious claims. City of Burlington v. Dague, 505 U.S. 557, 563, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). We conclude that the multiplier was improperly applied in this case where there was an absence of any evidence indicating that a premium was necessary to obtain competent counsel.
In summary, we affirm the judgment for damages but vacate the award of attorney's fees. We remand to the trial court for the calculation and award of a reasonable attorney's fees without the use of a multiplier.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] See also Justice Anstead's concurring opinion in McDougald that cited to the wellknown 1863 case of Byrne v. Boadle, 2 Hurlet & C. 722, 159 Eng. Rep. 299 (Ex. 1863), in which a pedestrian was struck by a barrel which fell from a window of the defendant's flour business.