754 So.2d 795 (2000)
C & S CHEMICALS, INC., Appellant,
v.
Lawrence D. McDOUGALD, Appellee.
No. 2D99-1746.
District Court of Appeal of Florida, Second District.
March 29, 2000.
*796 Douglas M. Fraley of Douglas M. Fraley, P.A., Tampa, for Appellant.
Hank B. Campbell of Lane, Trohn, Bertrand & Vreeland, P.A., Lakeland, and Edwin A. Scales, III, Key West, for Appellee.
PER CURIAM.
C & S Chemicals, Inc. (C & S) appeals the trial court's order awarding attorney's fees and costs to Lawrence McDougald (McDougald) pursuant to a proposal for settlement/demand for judgment. We affirm the award of taxable costs; however, we reverse the awards of nontaxable costs, legal assistant's fees, and attorney's fees.[1]
In 1994, McDougald and his wife sued C & S, Henry Perry (Perry), and Ryder Truck Rentals (Ryder) for injuries arising out of a 1990 motor vehicle accident. The gravamen of the complaint was that one or more of the defendants had negligently maintained the safety chain securing the spare tire to a truck which was owned by Ryder and leased under a long-term lease to C & S. As Perry, a C & S employee, was driving the truck over a railroad crossing, the safety chain broke, causing the spare tire to become dislodged and collide with McDougald's car. McDougald sought damages for personal injuries, and his wife sought damages for loss of consortium.
In 1995, McDougald and his wife served a $200,000 demand for judgment (the 1995 demand) on Perry, C & S, and Ryder jointly, pursuant to section 768.79, Florida Statutes (1995). In 1996, McDougald and his wife served a $125,000 demand for judgment (the 1996 demand) on Perry, C & S, and Ryder jointly, pursuant to sections 44.102(6)(b) and 768.79, Florida Statutes (1995). Perry, C & S, and Ryder did not respond to either demand for judgment.
Shortly before trial, McDougald voluntarily dismissed Ryder from the case. On the first day of trial, McDougald's wife voluntarily dismissed her claim. The jury ultimately returned a verdict in favor of McDougald in the amount of $250,000, finding C & S ninety percent at fault and Perry ten percent at fault.
C & S and Perry appealed the jury's verdict to this court. While the appeal was pending, McDougald scheduled a hearing on his motion for attorney's fees pursuant to both the 1995 and 1996 demands for judgment. At the hearing on this motion, McDougald's counsel told the court that McDougald was "dropping" his claim under the 1996 demand, and expressed his belief that the 1996 demand had not been timely served. The trial court found McDougald entitled to fees under the 1995 demand.
Before a hearing on the amount of fees and costs was scheduled, this court rendered its opinion reversing the jury's verdict and directing that judgment be entered in favor of C & S and Perry. See Perry v. McDougald, 698 So.2d 1256 (Fla. 2d DCA 1997). This court also noted that the award for future lost wages was not supported by the evidence. Id. at 1260. McDougald appealed this court's decision to the supreme court, which reversed on the liability issue but affirmed on the damages issue. See McDougald v. Perry, 716 So.2d 783 (Fla.1998). This resulted in a final judgment against C & S and Perry in the amount of $200,000.
*797 In 1998, after the supreme court's decision became final, McDougald filed a renewed motion for attorney's fees and costs pursuant to the 1996 demand. After extensive hearings over two days, the trial court entered a judgment against C & S[2] for $309,800 in attorney's fees, $15,000 in legal assistants' fees, $6,635 for reasonable nontaxable costs, and $1,225 for an expert witness's time to testify.

NONTAXABLE COSTS
C & S argues that the trial court should not have awarded nontaxable costs as part of the fee award. The two Florida cases addressing the issue of whether nontaxable costs are recoverable pursuant to a demand for judgment have held that they are not. See Kay v. Katzen, 568 So.2d 960 (Fla. 3d DCA 1990); River Road Constr. Co. v. Ring Power Corp., 454 So.2d 38 (Fla. 1st DCA 1984). In response to an argument that nontaxable costs should be recoverable, the Third District specifically stated: "[W]e reject the contention that the defendants were inter alia entitled to nontaxable costs under Fla. R. Civ. P. 1.442 (1989 version). Even if this rule were applicable to this case ... the defendants would only be entitled to their taxable costs, not nontaxable costs as well." Kay, 568 So.2d at 961 n. 1. Logically, if only taxable costs are allowed under rule 1.442, only taxable costs should be allowed under section 768.79.
Moreover, to hold that the "reasonable costs" allowed by section 768.79 include nontaxable costs would result in a situation in which the prevailing party under section 768.79 would realize a greater award than a prevailing party under section 57.041, Florida Statutes (1995), which governs the recovery of costs by a party obtaining a judgment. There is no indication that the legislature intended to create any disparity in treatment. Rather, it is more likely that the legislature intended to address the situation where, for example, the plaintiff "prevails" by recovering a judgment but the defendant "prevails" on an offer of judgment. In that situation, each party would be entitled to recover taxable costs from the other. We agree with the First and Third Districts, and hold that nontaxable costs are not recoverable pursuant to section 768.79. Because the trial court's award in this case includes nontaxable costs, we reverse and remand for recalculation of the cost award to include only taxable costs.

ATTORNEY FEES
C & S challenges McDougald's entitlement to attorney's fees pursuant to the 1996 demand on several grounds, two of which require reversal. First, C & S argues that the 1996 demand is unenforceable because it did not apportion the total demand between the defendants, and therefore it was not specific enough to allow each defendant to evaluate it independently. As this court recently noted, "[t]o further the statute's goal, each party who receive[s] an offer of settlement is entitled, under the rule, to evaluate the offer as it pertains to him or her." United Serv. Auto. Ass'n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000). Therefore, when a lack of apportionment between offerees prevents them from evaluating the offer independently, the joint offer is unenforceable.[3]See McFarland & Son, Inc. v. Basel, 727 So.2d 266 (Fla. 5th DCA 1999) (holding that a general offer of judgment made to a group of defendants without assigning each defendant a specific amount *798 lacks the particularity required by rule 1.442). See also DiPaola v. Beach Terrace Ass'n, 718 So.2d 1275 (Fla. 2d DCA 1998); Twiddy v. Guttenplan, 678 So.2d 488 (Fla. 2d DCA 1996).
In this case, McDougald served the 1996 demand on Perry, C & S, and Ryder jointly. Since Perry, C & S, and Ryder were not joint tortfeasors, they each had the right to evaluate the 1996 demand independently based on their individual liability situations.[4] The form of the 1996 demand, however, made this impossible. Since the 1996 demand did not apportion specific amounts to each defendant, no defendant could evaluate it independently. Therefore, the 1996 demand is unenforceable, and the trial court's order finding McDougald entitled to fees must be reversed. Because we find that McDougald is not entitled to an award of attorney's fees, we also reverse the award of legal assistant's fees, since those are contingent upon the entitlement to attorney's fees. See § 57.104, Fla. Stat. (1995).
Second, C & S argues that McDougald waived his right to attorney's fees under the 1996 demand and should be estopped from asserting that demand as a basis for fees. We agree. McDougald's counsel told the trial court on the record at the November 1996 fee hearing that McDougald was "dropping" the 1996 demand and proceeding only under the 1995 demand. At that hearing, the trial court found McDougald entitled to fees pursuant to the 1995 demand. From that point forward, all parties proceeded in the litigation under the 1995 demand.
C & S has established all of the elements of waiver and estoppel. At the November 1996 fee hearing, McDougald had the right to assert a claim for fees pursuant to the 1996 demand, and he intentionally relinquished that right in order to pursue fees under the 1995 demand, which he believed to be more advantageous. McDougald successfully asserted his rights under the 1995 demand, as evidenced by the trial court's finding of entitlement to fees pursuant to that demand. C & S relied on McDougald's waiver of the 1996 demand in pursuing its appellate strategy. Given McDougald's waiver and C & S's reliance on that waiver, McDougald is now estopped from asserting any alleged rights under the 1996 demand.
We affirm the award of taxable costs, the amount of which must be determined by the trial court upon remand. We reverse the awards of nontaxable costs, legal assistant's fees, and attorney's fees.
PARKER, A.C.J., and BLUE and NORTHCUTT, JJ., Concur.
NOTES
[1] While we have serious reservations concerning the amount of attorney's fees and legal assistants' fees awarded, our decision denying entitlement to attorney's fees renders those issues moot.
[2] Because of the jury's liability apportionment at trial, the judgment ultimately entered against Perry was insufficient to trigger an award of fees pursuant to the 1996 demand. Therefore, McDougald sought an award of fees and costs from only C & S. Since no judgment for attorney's fees and costs was entered against Perry, he is not a party to this appeal.
[3] In this case, the 1989 version of section 768.79 governs the substantive issues concerning the 1996 demand and the 1991 version of 768.79 governs the procedural issues. See City of Punta Gorda v. Burnt Store Hotel, Inc., 650 So.2d 142 (Fla. 2d DCA 1995); Fla. R. Civ. P. 1.442 (1996). We recognize that the current version of rule 1.442, which specifically requires that joint demands state the amount attributable to each party, was not in effect when the 1996 demand was made. However, case law interpreting the earlier rule and statute clearly contemplated that a demand be specific enough to allow each party to evaluate it independently. See, e.g., Twiddy v. Guttenplan, 678 So.2d 488 (Fla.2d DCA 1996).
[4] We note that this is not a case of negligent operation of a motor vehicle. Rather, this case involves a claim of negligent maintenance. Therefore, whether an individual defendant was liable for McDougald's injuries depended on whether that defendant was responsible for maintaining the safety chain on the spare tire. Thus, contrary to McDougald's assertions at oral argument, the three defendants in this case were not necessarily joint tortfeasors.