SHAHOOD, J.
The sole issue in this case is whether the trial court erred, as a matter of law, in failing to grant appellant’s request for a jury instruction on the doctrine of res ipsa loquitur. Holding that the trial court should have given such an instruction under the facts of this case, we reverse and remand for a new trial.
Appellant, Colleen Nodurft filed an action against appellees, Servico Centre Associates (Servico), Omni West Palm Beach Hotel (Omni), and Royce Management Corp. (Royce). In her complaint, she alleged that she was injured while attending a business seminar at the Omni when she entered a ladies’ restroom and a wall-mounted trash receptacle fell from the wall and struck her foot. In her complaint, appellant alleged all of the standard negligence and premises liability causes of action.
Appellant testified at trial that, during a break in the seminar, she went into the restroom. As she stood at the sinks washing her hands, she heard an unusual noise and could see something moving out of the corner of her eye. As she turned to see the source of the noise, the trash receptacle fell from the wall and landed on her foot.
Appellant’s mother and sister, who had joined her for lunch at the hotel, were in the bathroom stalls when the receptacle fell off of the wall. They heard a loud crash, exited the stalls, and saw the steel trash receptacle- on the floor. Appellant was leaning against the marble counter, with a shocked look on her face.
Three witnesses testified with regard to the condition of the trash receptacles. Lisa Sisserman (Sisserman) was a former employee of Servico who worked at the Omni as a bell captain and in housekeeping. On the day of the accident, she received a call to investigate an incident in the ladies’ restroom. When she arrived, she saw a garbage can on the floor and a lady with a bruised foot. The lady told Sisserman that the garbage can had fallen on her foot. When asked why the garbage can fell, Sisserman did not know, but suggested that it was probably because it was loose. She then stated that all of the wall-mounted trash receptacles were loose and that fact was “common knowledge.” Although Sisserman had informed a manager about the loose receptacles, she had never heard of any of the receptacles falling, and did not think that they posed a safety problem.
Tim Finnerty (Finnerty) was the owner of the janitorial service company under contract with the Omni to clean the hotel. Finnerty’s company and the hotel housekeeping crew had shared responsibilities to ensure that the bathrooms were kept clean and stocked, but Finnerty was not responsible for maintenance and repairs. With regard to the condition of the restrooms, Finnerty recalled that the wall-mounted trash receptacles did not have working key lock mechanisms to help keep the receptacles on the wall. He could not recall the condition of any specific fixture, but had a “general recollection of most fixtures being broken and needing some degree of repair.” Finnerty did not know whether a broken lock mechanism would cause the receptacle to fall; he noted that there were side walls that were snug enough to keep the can in place. He notified Omni management of the problems with the locks, but was never concerned that the situation posed a safety hazard.
Craig LeBlanc (LeBlanc) was the chief engineer for the Omni. He testified that *397 the receptacles were very difficult to take off of the wall and there had never been an incident where one simply fell off of the wall.
Following the close of the evidence, appellant requested an instruction on res ipsa loquitur, which the court denied.
The doctrine of res “ipsa loqui-tur” was discussed in Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978):
Res ipsa loquitur — “the thing speaks for itself’ — is a doctrine of extremely limited applicability. It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control. The district courts of Florida have expanded the doctrine far beyond its intended perimeters, both by liberalizing the elements requisite to its application and by allowing the development of inferences not only as to the incident itself but also as to pre-incident acts, such as manufacture or production.
Id. at 1341-42 (footnotes omitted). The supreme court explained that “the threshold inquiry is whether that which occurred is a phenomenon which does not ordinarily happen except in the absence of due care.” Id. at 1342. The plaintiff bears the burden of establishing that his or her injuries resulted from negligence and that the defendant was the “probable actor.” Id.
In this case, appellant relies on Cardina v. Kash N’ Karry Food Stores, Inc., 663 So.2d 642 (Fla. 2d DCA 1995), where an employee was injured when a case of tomatoes fell from a five-foot-high pallet and struck her on the head. The trial court denied her request for a res ipsa jury instruction. Id. at 1343. On appeal, the defendant argued that res ipsa was not applicable because the plaintiff, who had been squatting near the pallet, had “control” over it. Id. at 643. The appellate court rejected that argument and reversed the trial court, holding that the employee’s “mere proximity to the instrumentality causing the injury does not negate the exclusivity of the defendant’s control in the absence of any evidence that the plaintiffs conduct — or that of any other person— precipitated the accident.” Id. (footnote omitted).
In McDougald v. Perry, 716 So.2d 783 (Fla.1998), the Florida Supreme Court observed:
As one commentator has noted:
The plaintiff is not required to eliminate with certainty all other possible causes or inferences.... All that is required is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not.
Id. at 785-86 (quoting W. Page Keeton, et al., Prosser and Keaton on the Law of Torts, § 39, at 248 (5th ed.1984)).
In this case, the trial court denied appellant’s request for the res ipsa instruction because of the possibility that someone in the general public could have tampered with the trash receptacle. As a result, the trial court concluded that the Omni did not have exclusive control. This interpretation of the applicability of the res ipsa loquitur doctrine is too narrow under these circumstances.
In Bonventre v. Max, 229 A.D.2d 557, 645 N.Y.S.2d 867 (1996), the facts were *398 similar to those in this case and the court considered whether the defendant had exclusive control. The plaintiff was shopping and was injured when a mirrored wall panel with shelves fell on her as she was leaving the store. Id. at 868. In finding that the elements necessary for submitting the case to the jury on a theory of res ipsa loquitur were present, the appellate court stated:
The question here is whether the plaintiff established the second element. The plaintiff need not have shown that the defendants were the only ones in control of the panel, but she must have shown that the defendants’ control was of “sufficient exclusivity to fairly rule out the chance that any purported defect” was caused by some other agency (Raimondi v. New York Racing Assn., 213 A.D.2d 708, 709, 624 N.Y.S.2d 273). This is not a case in which the public has such unfettered access to the instrumentality of the injury that the defendants’ control was so insufficient that it did not warrant giving the case to the jury under a res ipsa loquitur charge (see, Dermatossian v. New York City Tr. Auth.,[ 67 N.Y.2d 219, 492 N.E.2d 1200, 501 N.Y.S.2d 784 (1986) ] supra). While the public might have touched the shelving in question, that does not explain the collapse of the entire panel.
Id. at 868.
We agree with the analysis in Bonven-tre, and find it to be applicable in this case. Thus, even though the instrumentality which caused appellant’s injury was in a public place and accessible to appellant and other members of the public, the Omni had “sufficient exclusivity” to rule out the chance that the trash receptacle fell from the wall as a result óf the actions of some other agency. Based on the facts in this case, the res ipsa loquitur charge was warranted.
REVERSED AND REMANDED FOR A NEW TRIAL.
KLEIN, J., and EMAS, KEVIN M„ Associate Judge, concur.