PER CURIAM.
Marie MacClatchey appeals the trial court’s order granting final summary judgment in her negligence action in favor of appellee, HCA Health Services of Florida, Inc., d/b/a St. Lucie Medical Center (“hospital”).
MacClatchey raises the following issues on appeal: (1) construing the evidence and reasonable inferences therefrom in her favor, there were genuine issues of material fact as to whether the hospital’s negligence could be inferred under the doctrine of res ipsa loquitur; and (2) there was outstanding discovery that was material to the issue of the hospital’s negligence. Because we reverse as to the first issue, we do not discuss the second issue.
MacClatchey initiated a negligence action against the hospital, seeking damages and alleging that the hospital breached its duty of reasonable care when a framed piece of artwork fell from the wall in a patient’s room and struck her on the head.
MacClatchey was visiting her husband, who was a patient at the hospital and was undergoing a procedure. According to MacClatchey, as she was sitting in a chair in her husband’s patient room having a conversation with a nurse, a framed piece of artwork fell from the wall behind Mac-Clatchey and struck her on the head. When it fell, glass from the picture shattered onto the floor around her. After the incident, an employee who came to clean up the shattered glass showed MaeClat-chey the broken hooks on the wall where the picture had been hanging.
The hospital’s motion for final summary judgment alleged that there were no genuine issues of material fact with regards to the hospital having actual or constructive knowledge of an alleged dangerous condition, and that res ipsa loquitur did not apply because MacClatchey could not satisfy either of the essential elements of that doctrine.
On appeal, the granting of a motion for summary judgment is reviewed de novo. Volusia Cnty. v. Aberdeen at Ormond *972 Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is appropriate only where “there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c).
Additionally, in negligence cases, summary judgment procedures are applied with special caution. Dalrymple v. Franzese, 944 So.2d 1240, 1243 (Fla. 4th DCA 2006). “In a negligence case, unless the defendant can show that there was no negligence or that plaintiffs negligence was the sole proximate cause of the injury, courts will not grant summary judgment.” Id. at 1242 (citing Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977)).
The burden is on the moving party to show “conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Id. Moreover, we have further explained:
When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, the nonexistence of a genuine issue of a material fact. If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.
Winston Park, Ltd. v. City of Coconut Creek, 872 So.2d 415, 418 (Fla. 4th DCA 2004) (emphasis added) (citations omitted).
To prevail on a claim of negligence, a plaintiff must establish that the defendant owed him or her a duty of care, which the defendant breached, and that such breach was the proximate cause of the plaintiffs injuries and resulting damage. Williams v. Davis, 974 So.2d 1052, 1056 (Fla.2007). A property owner owes a duty to invitees to exercise ordinary care in maintaining reasonably safe premises and to warn of any dangerous condition which is known or should be known to the owner. Spaulding v. City of Melbourne, 473 So.2d 226, 227 (Fla. 5th DCA 1985). Where direct proof of negligence is wanting, the doctrine of res ipsa loquitur may apply, though in limited circumstances. See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341-2 (Fla.1978).
Res ipsa loquitur is a rule of evidence which affords an injured plaintiff a common sense inference of negligence, provided the following elements are present: (1) “the instrumentality causing his or her injury was under the exclusive control of the defendant,” and (2) “the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.” Id. The Florida Supreme Court has further explained that:
The plaintiff is not required to eliminate with certainty all other possible causes or inferences.... All that is required is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not.
McDougald v. Perry, 716 So.2d 783, 786 (Fla.1998) (quoting W. Page Keeton, et. al., Prosser and Keeton on the Law of Torts *973 § 39, at 248 (5th ed. 1984)). Where there exists a genuine issue of material fact, which if resolved in the plaintiffs favor, could permit res ipsa loquitur to apply, summary judgment is premature. See Lauck v. Publix Mkt., Inc., 335 So.2d 589, 590 (Fla. 3d DCA 1976).
In a factually similar case, we held that res ipsa loquitur was applicable and reversed the trial court’s denial of the plaintiffs request for a jury instruction on the doctrine. Nodurft v. Servico Centre Assocs., Ltd., 884 So.2d 395, 398 (Fla. 4th DCA 2004). In Nodurft, the plaintiff alleged that as she was washing her hands in a hotel restroom, a wall-mounted trash receptacle fell from the wall and struck her foot. Id. at 396. Evidence was presented indicating that it was “common knowledge” that the wall-mounted trash receptacles were loose. Id. However, there was also conflicting testimony that there had never been any incident in which a trash receptacle had fallen in the past, and that they were very difficult to remove from the wall. Id. at 396-97. The trial court denied the plaintiffs request for a res ipsa loquitur jury instruction, reasoning that the hotel did not have “exclusive control” over the trash receptacle due to the possibility that someone in the general public could have tampered with it. Id. at 397. On appeal, we disagreed, finding the trial court’s interpretation of res ipsa lo-quitur too narrow. Id. Instead, we explained that “[t]his [was] not a case in which the public has such unfettered access to the instrumentality of the injury that the defendants’ control was so insufficient that it did not warrant giving the case to the jury under a res ipsa loquitur charge.” Id. at 398. In reversing the trial court’s ruling, we held that:
[E]ven though the instrumentality which caused appellant’s injury was in a public place and accessible to. appellant and other members of the public, the [hotel] had “sufficient exclusivity” to rule out the chance that the trash receptacle fell from the wall as a result of the actions of some other agency.

Id.

Likewise, in the instant case, it appears that there is at least a question of fact as to whether the hospital maintained “sufficient exclusivity” of control over the framed picture which was hung in the patient room, just as did the hotel over the wall-mounted trash receptacle in Nodurft,. Although the hospital argues that the picture was not in the hospital’s exclusive control because it was available to countless third parties, including patients and their visitors, the hospital conceded in its own affidavits submitted in support of its summary judgment motion that all patient rooms were routinely maintained, inspected and cleaned, including the wiping down of hard surfaces such as the wall or framed pictures.
Therefore, even though the framed picture which allegedly fell onto MacClat-chey’s head was accessible to her and other members of the public in the patient room, a jury could find that the hospital had “sufficient exclusivity” of control to rule out the chance that the picture fell from the wall as a result of some other agency. Moreover, this case could arguably present a stronger example of “sufficient exclusivity” than that of the Nodurft scenario, in which restroom patrons arguably had more contact and interaction with the trash receptacle on a regular basis than the patients and their guests did with the picture hanging in the hospital room. As such, at the very least, there is a genuine question of material fact as to whether the hospital had “exclusive con *974 trol” over the picture, which if resolved in MacClatchey’s favor, could permit res ipsa loquitur to apply. Accordingly, summary judgment was inappropriate. See Lauck, 335 So.2d at 590.[1]
With regard to the second element of res ipsa loquitur, that is, that the accident is one which would not ordinarily occur absent negligence on the part of the one in control, MacClatchey argues that a jury could find that as a matter of general knowledge, framed artwork does not fall from walls in the absence of some negligence. MacClatchey’s argument is premised on the theory that an invitee should not be faced with a wall-mounted picture falling from the wall and causing injury any more than a wall-mounted trash receptacle, asserting that both should be hung securely to the wall in order to prevent them from falling and injuring someone.
Although the hospital submitted an affidavit of the nurse who was in the room at the time of the incident to support the assertion that the picture fell from wall only after MacClatchey leaned back in her chair and hit the wall, MacClatchey maintained that this was not the case, and that she had already been sitting down and having a conversation with the nurse when the picture fell on top of her; Furthermore, MacClatchey’s deposition testimony submitted by the hospital. also indicated that the man who came to clean up the shattered glass showed MacClatchey the broken hooks on the wall where the picture was hung, creating a question of fact as to whether the picture fell as a result of the broken hooks, or whether the hooks had simply broken as the picture fell.
Notwithstanding the conflicting descriptions of the incident, as stated above, it is well established that where the evidence is conflicting or could permit different reasonable inferences, it should be submitted to the jury as a question of fact. See Moore, 475 So.2d at 668. Although the hospital argues that the incident could have happened without its negligence, a plaintiff is not required to eliminate with certainty all other possible causes or inferences. This issue is simply a question of fact, the inferences from which must be drawn in favor of the plaintiff on summary judgment. As such, because there is a genuine issue of material fact as to whether the framed picture would have fallen from the wall in the absence of negligence on the part of the hospital, summary judgment was improper.
Therefore, as discussed above, in the context of summary judgment, the sole function of the court is to “determine whether the record conclusively shows that the moving party proved a negative, that is, the nonexistence of a genuine issue of a material fact.” Winston Park, Ltd., 872 So.2d at 418 (internal citations omitted). Here, the hospital has failed to conclusively show such absence of a genuine issue of a material fact regarding either essential element of res ipsa loquitur. As a result, summary judgment was premature. Therefore, we reverse and remand for fur *975 ther proceedings consistent with this holding.

Reversed and remanded.

STEVENSON, TAYLOR and CONNER, JJ., concur.

. The hospital argues that this case is distinguishable from Nodurft where there was evidence that it was "common knowledge” that the trash receptacles were loose. The Hospital also contends that MacClatchey could not show that the hospital breached its duty of care because no evidence was submitted to show that the hospital had actual or constructive knowledge of any dangerous condition. However, where the elements of res ipsa lo-quitur are established, "actual or constructive notice to defendant of any defect in the instrumentality is immaterial.” Burns v. Otis Elevator Co., 550 So.2d 21, 22 (Fla. 3d DCA 1989) (citing Coaster Amusement Co. v. Smith, 141 Fla. 845, 194 So. 336 (1940)).