593 So.2d 1075 (1992)
CREST PRODUCTS and Auto Owners Insurance, Appellants,
v.
Carolyn LOUISE, Appellee.
No. 91-179.
District Court of Appeal of Florida, First District.
January 15, 1992.
Rehearing Denied February 18, 1992.
*1076 Kurt Preston Hampp, St. Petersburg, for appellants.
Byron E. Townsend and Rafael Gonzales of Barrs, Williamson, Stolberg & Townsend, P.A., Tampa, for appellee.
WEBSTER, Judge.
The employer and carrier seek review of an order of a judge of compensation claims (JCC), which order awarded the claimant temporary total disability benefits, penalties, interest, past and future medical expenses, costs and attorney fees. The principal argument raised by the employer and carrier is that the finding of the JCC that the claimant's employment exposed her "to conditions that substantially contributed to the risk of injury and did in fact aggravate her preexisting condition" is not supported by competent substantial evidence. We agree and, therefore, reverse.
During the spring of 1989, the claimant began to experience neck pain and numbness in her left arm. She was eventually diagnosed by a neurosurgeon (Dr. Scott Cutler) as suffering from multilevel cervical disk disease. (No claim has been made that this was related in any way to the claimant's employment.) On September 11, 1989, Dr. Cutler performed a cervical diskectomy and fusion. This involved removing a donor bone from the claimant's left iliac crest (hip bone) for use in the neck fusion. The claimant had an unremarkable recovery and, on December 5, 1989, Dr. Cutler released her to return to work, with a 30-pound lifting restriction.
The claimant returned to work on December 11, 1989, and was assigned "light work activity." The claimant experienced some amount of pain and discomfort in her low back and left leg on a fairly regular basis after she had returned to work. The JCC found that, on January 22, 1990, the following occurred:
... [W]hile at work and after approximately 4 hours working, while pulling empty pallets, picking up bottles two at a time and putting them into a machine, the [c]laimant experienced certain symptoms in her low back and left leg of such an intensity so as to cause her to cry and which ultimately prevented her from continuing any further and necessitated her leaving the job... .
The claimant was unable to offer an explanation for this sudden onset of intense pain.
The claimant went to see Dr. Cutler on February 1, 1990. Dr. Cutler testified (by deposition) that it was apparent that the claimant "was in severe pain." The claimant told Dr. Cutler that "[s]he returned to work, and approximately two weeks ago she began to experience severe low back pain, pain radiating into the left hip, down the left leg, which occurred while she was on an assembly line at work." As a result of his examination, Dr. Cutler's "diagnosis was probable acute [lumbar] disk herniation." "Not definite, but based on history and observation." He was unable to make a "precise diagnosis" without diagnostic testing. Therefore, as an initial step, he recommended that the claimant submit to an MRI scan. However, this was not done.
Dr. Cutler did not see the claimant after February 1, 1990; and no other medical professional offered any insight as to the cause of the claimant's pain in her low back and left leg. At his deposition, Dr. Cutler testified that he did not believe that this pain was related to the prior "cervical surgery." However, in response to the question, "Do you have an opinion as to whether this was caused by an idiopathic injury or strain at work?"; Dr. Cutler responded, "I don't think there's any way for me to tell, because I still don't know what's wrong with her."
The JCC found that it had been "impossible for Dr. Cutler to specifically relate the injury to [the claimant's] work activity of January 22, 1990 or her neck condition which predated said date... ." Then, however, without explanation or elaboration, he found further that "the [c]laimant's employment *1077 on January 22, 1990 did expose the [c]laimant to conditions that substantially contributed to the risk of injury and did in fact aggravate her preexisting condition... ." This latter finding is not supported by competent substantial evidence and is, therefore, error.
"It is an established rule that a workers' compensation claimant must prove the existence of a causal connection between the employment and injury for which benefits are sought, and the existence of causation must be based upon reasonable medical probability." Thomas v. Salvation Army, 562 So.2d 746, 749 (Fla. 1st DCA 1990). "[L]ay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." Vero Beach Care Center v. Ricks, 476 So.2d 262, 264 (Fla. 1st DCA 1985). The claimant's pain in her low back and left leg is not the result of a "readily observable" medical condition. Therefore, the claimant was required to establish by expert testimony a causal connection between her employment and the injury complained of, based upon reasonable medical probability. She failed to do so. Accordingly, we are constrained to reverse the order appealed.
REVERSED.
ALLEN and KAHN, JJ., concur.