[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16068
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00295-MMH-TEM


ANGELA HANCOCK,

                                                      Plaintiff - Appellant,

versus

WAL-MART STORES EAST, L.P.,
a foreign corporation,

                                                      Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Angela Hancock appeals the judgment entered in favor of Wal-Mart Stores East, L.P., and against her complaint of negligence following a jury trial.  Hancock was injured in a Wal-Mart store in Jacksonville, Florida, when three bags of beach toys fell from a display shelf and struck her head, shoulder, and back.  Hancock filed in a Florida court a complaint that the negligence of Wal-Mart proximately caused her injuries, and Wal-Mart removed the complaint to the district court based on diversity of citizenship.  28 U.S.C. § 1332.  Hancock argues that the district court erred by not instructing the jury about the doctrine of res ipsa loquitur.  We affirm.

Hancock and Wal-Mart each blamed the other for Hancock's injuries.  Hancock argued that Wal-Mart created a dangerous condition in its store when an employee stacked the bags on the top shelf incorrectly.  Hancock testified that she and her four-year-old daughter were walking down the center of an aisle that displayed seasonal merchandise when, "out of nowhere," three bags fell from the top display shelf.  Hancock testified that she did not use a shopping cart inside the store, bump into the shelving unit, or touch the bags.  Hancock introduced testimony to suggest that an assistant manager, Angel Wilhelm, stacked the bags incorrectly about 30 minutes before Hancock's injury and that Wilhelm tried to cover up her misdoing.  Wal-Mart argued that Hancock caused her injury.

2

Wilhelm and another assistant manager who responded to the incident, James Brown, testified that Hancock had a shopping cart at the scene of the incident. Wilhelm also testified that, during her investigation of the incident, Hancock said "her cart hit the shelf and the items jumped off and hit her in the face."

Hancock requested an instruction about res ipsa loquitur to inform the jury that it could infer that Wal-Mart acted negligently in the absence of direct evidence to explain how Hancock's injury occurred. See McDougald v. Perry, 716 So. 2d 783, 785 (Fla. 1998). The district court denied her request, and the jury ruled in favor of Wal-Mart.

Florida law governs the application of the doctrine of res ipsa loquitur, but we "apply federal law to test the sufficiency of the evidence to justify [a] res ipsa loquitur charge." Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 740 (5th Cir. 1980). Kicklighter instructs that a plaintiff is entitled to a jury instruction about the doctrine only "if the evidence affords a rational basis upon which the jury can conclude that the elements of the doctrine required under state substantive law are present." Id. In Florida, the plaintiff must establish three elements to apply the doctrine of res ipsa loquitur: 1) "'direct proof of negligence is wanting'"; 2) the instrumentality that caused the injury was under the exclusive control of the defendant; and, 3) the injury "'would not, in the ordinary course of events, have

3

occurred, without negligence on the part of'" the defendant.  McDougald, 716 So. 2d at 785 (quoting Marrero v. Goldsmith, 486 So. 2d 530, 531 (Fla. 1986)).

The district court did not err when denied Hancock's request for a jury instruction about res ipsa loquitur.  The Supreme Court of Florida has held that "it is incumbent upon the plaintiff to present his or her case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden of proof may a court supply the inference."  City of New Smyrna Beach Utilities Comm'n v. McWhorter, 418 So. 2d 261, 262 (Fla. 1982) (discussing  Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So. 2d 1339 (Fla. 1978)).  The record establishes that Hancock failed to satisfy even the first element of the doctrine.

Hancock failed to establish that direct proof of negligence was wanting. Hancock instead introduced evidence that an employee of Wal-Mart, Wilhelm, stacked the bags of beach toys incorrectly.  See Monforti v. K-Mart, Inc., 690 So. 2d 631, 633 (Fla. Dist. Ct. App. 1997) (affirming the denial of a jury instruction on res ipsa loquitur when plaintiff introduced expert testimony that "alluded to specific acts of negligence including K-Mart's use of a display shelf incapable of supporting the weight of the merchandise on display").  Wilhelm testified that, approximately 30 minutes before the incident, she had reconfigured the bags and

4

had stacked them "three high and two high" on different shelves.  Hancock elicited testimony from the store manager, Gentle Raines, that Wal-Mart had policies that required its employees to display merchandise in a "straight and stable manner"; avoid placing merchandise "where it could fall on a customer"; "not overload shelves with merchandise"; and perform a "bump test" after stacking merchandise on shelves to ensure it did not "slide or teeter."  Although Wilhelm testified that she conducted a "bump test" after she reconfigured the bags, she acknowledged that she never recorded testing the bags; she investigated the incident; and she would have been disciplined had she failed to perform the test.  And Hancock testified that, as soon as Brown arrived at the scene, he looked at the top shelf, asked "who stacked these baskets this high," and removed the baskets from the shelf.  Hancock "introduce[d] enough direct evidence of negligence to dispel the need for the inference" that an instruction about res ipsa loquitur would otherwise supply.  Marrero, 486 So. 2d at 532.

    We **AFFIRM** the judgment in favor of Wal-Mart.