[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10089
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-24173-PAS

ISIDORA RIVERA,

Plaintiff - Appellant,

versus

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation
d.b.a. Royal Caribbean International,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 10, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Isidora Rivera appeals the magistrate judge's striking of her expert witnesses, the magistrate judge's denial of a motion to compel depositions, the magistrate judge's denial of a motion to compel production of a video, and the district court's entry of summary judgement against her.  After careful review of the record and briefs, we affirm on all issues.

This suit arises from Rivera's journey on Royal Caribbean's ship, *Allure of the Seas*.  While onboard the vessel, Rivera attended a show.  At the show's venue, Rivera walked onto the stage area, which was actually an ice rink.  She alleges that the stage was "not barricaded or roped off, and had no one present to warn her of the danger," and that she slipped on the ice and fell, sustaining injuries.  She subsequently filed this suit.

Toward the beginning of the suit, on January 15, 2016, the district court entered an order setting the trial date and pretrial deadlines.  This order required Rivera to furnish her expert witness list and accompanying reports to Royal Caribbean by July 27, 2016.  The order stated "only those expert witnesses shall be permitted to testify," and required that Rivera make the named experts available for deposition by Royal Caribbean within the 14 day period after the list was furnished.  The order further closed all discovery on September 22, 2016.

On July 27, 2016, the day of the deadline for her expert witness disclosure, Rivera filed a motion to extend the deadline to August 19, 2016.  Royal Caribbean

2

did not oppose it, and the district court granted it the next day. Notably, the order did not extend the close of discovery, which remained September 22.

On August 19, Rivera served her expert witness list.[1] Per the discovery schedule, she then had 14 days to "make [her] experts available for deposition by [Royal Caribbean]." She did not do so. At a hearing on September 15, the magistrate judge ordered that the experts be made available for deposition by September 22, the close of discovery. Once again, Rivera did not make her experts available by the deadline. Royal Caribbean moved to strike the experts on October 13, 2016, and the magistrate judge granted the motion.

## I.      Motions to Compel

We first dispose of the appeals of the denials of the motions to compel. The magistrate judge denied the motions to compel depositions and production of a video on September 19, 2016. Rivera appears to have not objected to this order at all, and certainly did not do so within the 14 days required by Fed. R. Civ. P. 72(a). Therefore, she has waived this claim. *See* Fed. R. Civ. P. 72(a); *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1298 n.12 (11th Cir. 2008); *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (per curiam).

---

[1] Rivera only served two of three expert reports on this date. The third report was provided on or around September 22.

3

## II.    Striking Expert Witnesses

We review a trial court's "decision to admit or exclude expert testimony for abuse of discretion."  *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1178 (11th Cir. 2013).  We "have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011); *see also Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004) ("Given the wide latitude the district court has to exclude untimely submissions, we cannot say that it abused its discretion to exclude this report.").

Here, the district court, on Rivera's motion, extended the expert disclosure deadline, which deadline Rivera had known about for at least six months.  Rivera still failed to meet the deadline.  It was not an abuse of discretion for the district court to enforce its deadlines in striking the experts.  *See Josendis*, 662 F.3d at 1307; *Bearint*, 389 F.3d at 1349.  Therefore, we affirm the striking of the expert witnesses.[2]

---

[2] Rivera very well may have waived this issue as well by failing to timely object to the magistrate judge's order.  *See* Fed. R. Civ. P. 72(a).  However, even if we construe her Motion to Reopen and Extend Expert Discovery as a timely objection to the magistrate judge's order, and thus construe this appeal as one of the district court's denial of that Motion, we still affirm the striking of the expert witnesses.

### III.    Summary Judgment

Rivera also appeals the district court's granting of summary judgment to Royal Caribbean on the single count negligence complaint.  We review de novo, viewing the evidence in the light most favorable to the nonmoving party.  *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014) (per curiam); *see also Am. Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th Cir. 1996).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Jurich*, 764 F.3d at 1304.

Under federal maritime law,[3] we rely on "general principles of negligence law," and require the plaintiff make out the familiar four elements of negligence: duty, breach, causation, and damages.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (per curiam).  When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required.  *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1320 (11th Cir. 1999); *see also Kellner v. NCL (Bahamas), Ltd.*, No. 15-23002-CIV, 2016 WL 4440510 (S.D. Fla. Aug. 22, 2016) (applying rule in maritime case).

---

[3] "Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction . . . , if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case." *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).

5

The district court found that Rivera had not met her burden as to proximate causation, and we agree. Without medical expert testimony, it is not possible to distinguish between the ailments Rivera experienced before the fall and those she experienced after—and due to—the fall. Further, due to the nature of the injuries that she alleges—including, for example, back pain, depression, anxiety, and vision issues—expert testimony is simply required in order to even understand the nature and extent of the injuries. Thus, as Rivera has not met her burden with respect to proximate causation, we affirm the district court's grant of summary judgment to Royal Caribbean. *See Allison*, 184 F.3d at 1321; *Kellner*, 2016 WL 4440510.

**AFFIRMED.**