DONALD L. GRAHAM, UNITED STATES DISTRICT JUDGE
THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment [D.E. 36].
THE COURT has considered the pleadings, pertinent portions of the record, the oral arguments presented during the November 16, 2017 hearing, and is otherwise fully advised in the premises. For the reasons stated herein, Defendant's Motion is GRANTED.
I. FACTUAL & PROCEDURAL BACKGROUND
The facts of this case, as supported by the evidence taken in the light most favorable to Plaintiff Frederick Morhardt, are as follows:
On November 3, 2015, Morhardt and his significant other, Theresa Leibig, were passengers aboard Carnival's cruise ship, the Dream. [D.E. 36-1 at 34, 40]. Upon exiting the shower, Morhardt attempted to use the hair dryer in his stateroom for the first time. [D.E. 36-1 at 40, 41]. Immediately after turning on the hair dryer, which he held in his right hand, Morhardt was electrocuted. [D.E. 36-1 at 40-41]. The electric shock radiated through his "whole body" causing him to jerk backwards. [D.E. 36-1 at 40-43; D.E. 50 at 2]. Because the hair dryer was hard wired into the ship with a short cord, this jerking motion caused the hair dryer to be pulled out of his hand. [D.E. 36-1 at 40-41, 43]. Morhardt's hand was burned and blackened.
*1293 [D.E. 36-1 at 42; D.E. 50 at 2]. The incident lasted approximately two seconds. [D.E. 36-1 at 43]. Within a few minutes, Morhardt went to the ship's infirmary to be examined. [D.E. 50 at 15].
On November 2, 2016, Morhardt filed the subject Complaint alleging a single-count of negligence against Carnival. [D.E. 1]. Discovery commenced on January 12, 2017 [D.E. 12]. Morhardt, however, failed to comply with both the initial expert and rebuttal expert disclosure deadlines set forth in this Court's Scheduling Order [see D.E. 12]. His motions to extend those deadlines were denied for untimeliness and lack of good cause, respectively [D.E. 26, 35]. Morhardt's subsequent request to extend the discovery period and to belatedly disclose his treating physicians as experts was also denied for lack of good cause and untimeliness [D.E. 54]. As a result, Morhardt currently has no experts in this action.
On November 16, 2017, the Court held a hearing on the Motion for Summary Judgment. During the hearing, Morhardt's counsel stated that the only record evidence available for the Court to consider in deciding the subject Motion is as follows: (1) the deposition of Plaintiff Frederick Morhardt [D.E. 36-1]; (2) the deposition of Carnival's 30(b)(6) representative, Monica Petisco [D.E. 36-3]; (3) Plaintiff Frederick Morhardt's Responses to Defendant's Initial Interrogatories [D.E. 36-2]; and (4) Defendant's Answers to Plaintiff's Initial Interrogatories [D.E. 41-3].[1] Morhardt's counsel also confirmed that Morhardt is claiming only the following injuries: (1) back pain; (2) lower back pain with radiating pain into Morhardt's legs; (3) loss of grip strength and weakness in Morhardt's right (master) hand; (4) vision problems; and (5) a scar on Morhardt's left leg.
II. LEGAL STANDARD
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden is discharged if the moving party shows the Court that there is "an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S.Ct. 2548.
The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S.Ct. 2548. Under those circumstances there can be "no genuine issue as to any material fact," because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 323, 106 S.Ct. 2548. As such, the moving party is "entitled to a judgment as a matter of law" since the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.
*1294 Claims arising from alleged tort actions aboard a ship sailing in navigable waters are governed by federal maritime law. Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1321 (11th Cir. 1989). Under maritime law, a shipowner owes passengers a duty of ordinary reasonable care under the circumstances. Id. at 1322 ; Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). At the same time, a shipowner "is not liable to passengers as an insurer, but only for its negligence." Keefe, 867 F.2d at 1322. To establish a negligence claim, a plaintiff must prove that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. Terry v. Carnival Corp., 3 F.Supp.3d 1363, 1368 (S.D. Fla. 2014).
In addition to these elements, a plaintiff must demonstrate that the shipowner "had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." Keefe, 867 F.2d at 1322 ; see also Pizzino v. NCL (Bahamas) Ltd., 709 Fed.Appx. 563, 566-67 (11th Cir. 2017) (reiterating the notice requirement and rejecting cases where the court concluded that a shipowner could be liable absent notice). While maritime law controls, state law may supplement maritime law as long as there is no conflict with maritime law. Faddish v. Buffalo Pumps, 881 F.Supp.2d 1361, 1368 (S.D. Fla. 2012).
III. DISCUSSION
Carnival moves for summary judgment asserting that Morhardt has failed to establish essential elements of his negligence claim. [D.E. 36]. Specifically, Carnival argues that Morhardt cannot prove that Carnival breached a duty owed to him because there is no evidence that Carnival had notice of the allegedly dangerous condition. [D.E. 36 at 5-6]. Carnival also contends that res ipsa loquitur inference does not apply because Morhardt is unable to establish the requisite elements. [D.E. 56 at 8-9]. Carnival further argues that Morhardt cannot establish that Carnival's alleged breach was the proximate cause for his injuries because Morhardt failed to properly disclose an expert who can testify as to medical causation. [D.E. 36 at 6-8, D.E. 56 at 9-12] Finally, Carnival submits that without expert testimony Morhardt is also unable to prove damages. [D.E. 36 at 8, D.E. 56 at 12].
A. Notice
In his opposition, Morhardt relies on an array of theories under Florida premises liability law-including negligent mode of operation and the duty owed to business invitees-to argue that he is not required to prove notice. [D.E. 49 at 3-16, 23-31]. Morhardt also avers that notice is not required if Carnival created the defective condition that caused the incident or if there is evidence of negligent maintenance. [D.E. 49 at 25-28]. The Court disagrees.
As an initial matter, the Court has already determined that maritime law governs this action. Therefore, Morhardt's claims must be based on maritime law, not premises liability law or any other theory of negligence under Florida law. See Lipkin v. Norwegian Cruise Line Ltd., 93 F.Supp.3d 1311, 1319 (S.D. Fla. 2015) (dismissing plaintiff's alternative theories of negligence based on Florida law with prejudice where maritime law governed the action); see also, Stewart-Patterson v. Celebrity Cruises, Inc., 2012 WL 2979032, at *2 (S.D. Fla. July 20, 2012) (holding that a claim based on a cruise line's "negligent mode of operation" under Florida law is *1295 "not cognizable under federal admiralty law").
Under maritime law, Morhardt must demonstrate that Carnival had actual or constructive notice of the dangerous condition in the hair dryer. See Keefe, 867 F.2d at 1322 ; Pizzino, 709 Fed.Appx. at 566-67. Importantly, the Eleventh Circuit's recent opinion in Pizzino, squarely rejects any exception to the notice requirement. In Pizzino, the plaintiff alleged that she slipped in an area where a Norwegian Cruise Line employee had spilled water. 709 Fed.Appx. at 563-64. After the trial, the jury returned a verdict for Norwegian. Id. at 564-65. On appeal, the plaintiff argued that the district court erred in declining to give a jury instruction that Norwegian need not have had actual or constructive notice of the dangerous condition to be liable if Norwegian created the dangerous condition. Id. at 563-65. The Eleventh Circuit disagreed and affirmed the district court's judgment based on its previous decision in Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990). Id. at 564-65.
Everett v. Carnival is also instructive here. In Everett, the Eleventh Circuit held that the district court erred in instructing the jury that liability could be predicated solely on Carnival's negligent creation or maintenance of its premises, without actual or constructive notice of the dangerous condition. 912 F.2d 1355. The Everett plaintiff tripped over a metal threshold cover for a fire door. Id. at 1357. At trial, the district court instructed the jury that plaintiff was required to prove actual or constructive notice or"that Carnival Cruise Lines negligently created or maintained its premises. " Id. at 1358 (emphasis added). The jury returned a verdict for the plaintiff and the district court denied the defendant's motion for a new trial based on the court's erroneous notice instruction. Id. at 1357.
On appeal, the Eleventh Circuit reversed the district court's denial of the Everett defendant's motion for a new trial and held that the district court erroneously relied on Florida law-instead of federal maritime law-in concluding that the cruise line could be liable for negligence without actual or constructive notice as long as it "negligently created or maintained the premises." Id. at 1358 (emphasis added). The Eleventh Circuit went on to state that the district court's conclusion contravened Keefe's holding that " 'as a prerequisite to imposing liability, [ ] the carrier [must] have had actual or constructive notice of the risk-creating condition.' " Id. (quoting Keefe, 867 F.2d at 1322 ). The Court also rejected the notion that "notice of the defect" could be imputed to a cruise ship operator "inasmuch as it created" the defect "and maintained it," explaining that such a rule would also contravene Keefe. Id.
The Pizzino Court applied its prior precedent in Everett and Keefe to ultimately hold that a cruise ship operator could not be liable in the absence of actual or constructive notice. 709 Fed.Appx. at 566-67. In other words, there is no exception to the notice requirement for negligently creating the hazard or negligently maintaining the cruise ship. Id. Therefore, Morhardt's argument to the contrary is foreclosed by Pizzino.
Assuming arguendo that Pizzino is overturned[2] Morhardt's argument also fails for lack of evidentiary support. Morhardt does not cite any record evidence to indicate that Carnival created the defective *1296 condition in the hair dryer. Furthermore, to support his theory of negligent maintenance Morhardt mischaracterizes the testimony of Carnival's 30(b)(6) representative.[3] To be sure, Carnival's 30(b)(6) representative testified that the hair dryers onboard the cruise ship were inspected once each voyage, usually before a new voyage begins, but sometimes during the voyage. [D.E. 36-3 21:19-22:5]. Additionally, she testified that the subject hair dryer was "in proper working order the last time it was inspected" and there were no prior similar incidents to have placed Carnival on notice of the allegedly dangerous condition. [See D.E. 36-3 32:24-25, 24:2-14]. Morhardt has presented no evidence to contradict this testimony.
Accordingly, the Court finds that Morhardt fails to carry his burden of proof on the issue of notice. See Mercer v. Carnival Corp., 2009 WL 302274, at *2 (S.D. Fla. Feb. 9, 2009) (granting summary judgment and holding that "Plaintiff has failed to provide any factual support for his allegation that Defendant had notice of the allegedly dangerous condition and therefore has failed to show that Defendant breached its duty of care to Plaintiff.")
B. Res Ipsa Loquitur
Morhardt avers that the doctrine of res ipsa loquitor applies to this case, creating an inference of negligence on the part of Carnival. [D.E. 49 at 16-23]. Notably, courts in this district have held that a plaintiff in a maritime action based on negligence is not required to prove that the shipowner had notice of the defective condition when the doctrine of res ipsa loquitur applies. See, e.g., Millan v. Celebration Cruise Operator, Inc., 212 F.Supp.3d 1301, 1306 (S.D. Fla. 2015) (concluding that "a plaintiff is not required to show the defendant's actual or constructive notice of the defective condition in order to raise a res ipsa loquitur inference of negligence under maritime law").
Res ipsa loquitur is a rule of circumstantial evidence generally used to supply a deficiency of proof as to negligence. Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734 (5th Cir. 1980).[4] It operates to permit an inference of negligence when the evidence does not directly establish how the injury occurred. Id. State law governs the application of the doctrine of res ipsa loquitur, but federal courts apply federal law to test the sufficiency of the evidence. Hancock v. Wal-Mart Stores E., L.P., 487 Fed.Appx. 545, 546 (11th Cir. 2012). In Florida, the plaintiff must establish three elements to apply the doctrine of res ipsa loquitur: (1) direct proof of negligence is wanting; (2) the instrumentality that caused the injury was under the exclusive control of the defendant; and, (3) the injury would not, in the ordinary course of events, have occurred, without negligence on the part of the defendant. Id. (citing McDougald v. Perry, 716 So.2d 783, 785 (Fla. 1998) ).
The Florida Supreme Court has held that "it is incumbent upon the plaintiff to present his or her case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden of proof *1297 may a court supply the inference." Hancock, 487 Fed.Appx. at 546 (quoting City of New Smyrna Beach Utilities Comm'n v. McWhorter, 418 So.2d 261, 262 (Fla. 1982) ) (discussing Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978) ).
Turning to the first element, Morhardt relies entirely on the fact that Carnival apparently discarded the subject hair dryer after the incident to establish that direct proof of negligence is wanting.[5] [D.E. 49 at 16-17]. According to Morhardt, immediately after he was electrocuted by the hair dryer he went to the ship's infirmary where he was examined and treated. [D.E. 50 at 3] Morhardt also attests that Gerald Boreta, an assistant electrician employed by Carnival, removed the hair dryer from his stateroom on the morning of the incident. [D.E. 50 at 5]. Then, Mathew D'Souza, a security officer also employed by Carnival, investigated the incident, took photographs of the hair dryer, and prepared an incident report. [D.E. 50 at 5]. After Mr. D'Souza's investigation, Mr. Boreta discarded the hair dryer. [D.E. 50 at 6].
While Carnival's actions taken after the investigation are a matter of keen concern,[6] the Court is hamstrung by the severe evidentiary deficiencies in this case. For example, Morhardt presents no depositions or affidavits from any of the Carnival employees who came in contact with Morhardt immediately after the incident. Additionally, Morhardt presents no medical records from the ship's infirmary or otherwise to support his claimed injuries. Morhardt's "[b]are and self-serving allegations are inadequate to carry the [his] burden on summary judgment." Shuler v. Bd. of Trustees of Univ. of Alabama, 480 Fed.Appx. 540, 544 (11th Cir. 2012) (citing Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000) ); see also Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (finding that "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion").
Indeed, direct evidence to support Morhardt's negligence claim was readily available to him. To demonstrate, the names and contact information for the physician and nurse who treated Morhardt in the infirmary, the assistant electrician who removed the hair dryer from Morhardt's stateroom, and the security officer who took the photographs and drafted the investigation report were listed in Carnival's Answers to Plaintiff's Initial Interrogatories. [See D.E. 41-3 at 3-4]. Yet, at the hearing on the Motion, Morhardt's counsel provided no explanation for his failure to seek information from these potential witnesses to corroborate Morhardt's claim. Morhardt's counsel also provided no explanation for failing to move to compel Carnival to produce the photographs and the investigation report that Carnival claimed were protected under the work product doctrine. Furthermore, Morhardt's counsel acknowledged that he received the infirmary's medical records but he provided no explanation for his failure to include them in the record.
Looking at the facts in the light most favorable to the Plaintiff, the Court finds *1298 that Morhardt has not demonstrated that direct evidence of negligence is wanting or unavailable such as would entitle him to a res ipsa inference. To be sure, a proper investigation of the allegations in the Complaint might have produced direct evidence of Carnival's alleged negligence.
Regarding the third element,[7] the failure of Morhardt's counsel to investigate and present the available evidence in support of Morhardt's injuries also precludes the Court from finding that the alleged injuries are of a kind which ordinarily would not occur in the absence of Carnival's negligence. See Lobegeiger v. Celebrity Cruises, Inc., 2011 WL 3703329, at *7 (S.D. Fla. Aug. 23, 2011) ("The mere happening of an accident. does not give rise to a res ipsa inference of negligence or breach of duty under the Jones Act or general maritime law."); see also Goodyear Tire & Rubber Co., 358 So.2d at 1342 ("An injury standing alone, of course, ordinarily does not indicate negligence.").
Accordingly, the Court finds that res ipsa loquitur does not apply here. See, e.g., Goodyear Tire & Rubber Co., 358 So.2d at 1343 (noting that res ipsa loquitur is not appropriate "where the plaintiffs neither satisfied the essential elements of the doctrine nor demonstrated an inaccessibility to evidence of the occurrence"). On this basis alone, summary judgment in favor of Carnival is warranted.
C. Proximate Cause
Even if Morhardt were able to establish the elements of res ipsa loquitur, Morhardt's failure to timely disclose a medical expert who can provide medical causation testimony to establish proximate cause is fatal to his claim. See Walter v. Carnival Corp., 2010 WL 2927962, at *1 (S.D. Fla. July 23, 2010) ("Even with the benefit of the res ipsa doctrine, the plaintiff must still prove the remaining elements of his claim, including that his alleged injuries were proximately caused by the defendant's wrongs, and damages."). Morhardt argues that Plaintiff and his treating physicians can testify as to proximate cause. [D.E. 49 at 31-34]. The Court Disagrees.
Expert testimony is required to establish medical causation for conditions not readily observable or susceptible to evaluation by lay persons. Rivera v. Royal Caribbean Cruises Ltd., 711 Fed.Appx. 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."); Kellner v. NCL (Bahamas), Ltd., 2016 WL 4440510, at *1-2 (S.D. Fla. Aug. 22, 2016) ("The burden of proof in admiralty cases is on the [p]laintiff to show that the [d]efendant was negligent and that such negligence was the proximate cause of [p]laintiff's damages.... A finding of proximate cause may not be based on speculation or conjecture."); see also Crest Prods. v. Louise, 593 So.2d 1075, 1077 (Fla. 1st DCA 1992)[8] ("[L]ay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable.").
Specifically, courts have recognized that soft-tissue injuries, such as lower *1299 back and leg pain are not a "readily observable" medical conditions and, therefore, expert testimony as to the cause of such injuries is required. See Jones v. Royal Caribbean Cruises, Ltd., 2013 WL 8695361, at *6-7 (S.D. Fla. Apr. 4, 2013) (quoting Vero Beach Care Ctr. v. Ricks, 476 So.2d 262, 264 n. 1 (Fla. Dist. Ct. App. 1985), "Soft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons."); Crest Prods., 593 So.2d at 1076-77 (holding that lay testimony alone was insufficient to support finding of causation where medical conditions-leg and low back pain related to acute lumbar disk herniation-were not readily observable); see also Wilson v. Taser Int'l, Inc., 303 Fed.Appx. 708, 715 (11th Cir. 2008) (applying Georgia law)[9] (affirming summary judgment where plaintiff did not have a medical expert because the inference that an electric shock by a TASER can and did cause compression fractures in the plaintiff's spine was not a natural inference that a juror could make through human experience). Expert testimony is also required to distinguish between ailments that a plaintiff had before an incident and those he or she experienced after-and due to-the incident. Rivera, 711 Fed.Appx. at 954-55.
Moreover, treating physicians who are not properly disclosed as experts are precluded from opining on the issue of causation. See Chapman v. Procter & Gamble Distrib., LLC, 766 F.3d 1296, 1316 n. 23 (11th Cir. 2014) ("A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff." (citing See United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (distinguishing between an oral surgeon's testimony that a patient had a fractured jaw as opposed to giving a hypothesis as to the cause) ); see also Wilson, 303 Fed.Appx. at 712 ("[O]nce the treating physician expresses an opinion unrelated to treatment which is based on scientific, technical, or other specialized knowledge, that witness is offering expert testimony...."; concluding that the doctor's opinions on causation constituted a hypothesis or "scientific knowledge" "[a]nd the ability to answer hypothetical questions is the essential difference between expert and lay witnesses") (emphasis original); Leichtenberg v. Jessup, 2015 WL 11197781, at *2 (S.D. Fla. Apr. 14, 2015) (precluding plaintiff's treating physicians from opining as to causation, prognosis and the future implications of plaintiff's injury under Rule 37 where plaintiff failed to timely meet Rule 26 disclosure requirements).
Here, Morhardt is unable to establish proximate cause without a medical expert testimony. Morhardt's alleged injuries include (1) back pain; (2) lower back pain with radiating pain into Morhardt's legs; (3) loss of grip strength and weakness in Morhardt's right (master) hand; (4) vision problems; and (5) a scar on Morhardt's left leg, which-according to Morhardt's counsel-is an exit wound created by the electricity that passed through Morhardt's body. Thus, Morhardt's injuries are not "readily observable" medical conditions and Morhardt is required to produce expert testimony on the issue of causation. See Rivera, 711 Fed.Appx. at 954-55 ; Wilson, 303 Fed.Appx. at 715 ;
*1300 Kellner, 2016 WL 4440510, at *1-2 ; Jones, 2013 WL 8695361, at *6 ; Crest Prods., 593 So.2d at 1077.
Furthermore, medical expert testimony is also necessary to distinguish between the ailments Morhardt experienced before the electric shock and those experienced after-and due to-the electric shock. See Rivera, 711 Fed.Appx. at 954-55. Morhardt testified that he had neurological issues, lower back pain, and vision issues prior to the subject incident. [See D.E. 36 at 2, 8; D.E. 56 at 9-12].[10]
Morhardt has no expert to testify as to medical causation. As a result, Morhardt is unable to prove proximate cause. Therefore, Carnival is entitled to summary judgment.[11]
IV. CONCLUSION
Morhardt's complete failure of proof concerning the elements of actual or constructive notice and proximate cause, which are essential elements of his negligence claim and elements on which he bears the burden of proof at trial, renders all other facts immaterial. See Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. Therefore, there is no genuine issue as to any material fact and Carnival is entitled to judgment as a matter of law. See id. at 323-24, 106 S.Ct. 2548. Accordingly, it is hereby,
ORDERED AND ADJUDGED that Defendant Carnival's Motion for Summary Judgment [D.E. 36] is GRANTED. It is further
ORDERED AND ADJUDGED that Plaintiff Morhardt's Motion to Strike Testimony of Defendant's Expert, Lee Swanger, and for a Jury Instruction Regarding an Adverse Inference Because of Defendant's Spoliation of Evidence, and Incorporated Memorandum of Law [D.E. 38] is DENIED as moot. Lastly, it is
ORDERED AND ADJUDGED that Plaintiff Morhardt's Daubert Motion to Strike Defendant's Expert, Lee Swanger [D.E. 41] is DENIED as moot.
DONE AND ORDERED in chambers at Miami, Florida, this 3rd day of December, 2017.

Carnival's Answers to Plaintiff's Initial Interrogatories [D.E. 41-3] was not attached to any of the briefings on Defendant's Motion for Summary Judgment. However, the Court located the document at Exhibit C of Plaintiff's Daubert Motion to Strike Defendant's Expert, Lee Swanger [see D.E. 41].

At the hearing on the Motion for Summary Judgment, Morhardt's counsel stated that the plaintiff in Pizzino is appealing the Eleventh Circuit's ruling. However, counsel did not provide evidence of such an appeal.

Morhardt claims that "Carnival admits that the housekeepers were supposed to clean the hair dryer every week, but it does not know if that actually occurred or whether the housekeepers actually inspected the hair dryer or its cord during the cleaning process." [D.E. 49 at 24-25].

All decisions of the former Fifth Circuit announced prior to October 1, 1981 are binding precedent in this circuit. United States v. Fawcett, 522 Fed.Appx. 644, 652 (11th Cir. 2013) (citing Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) ).

Also pending before the Court is Morhardt's request for a spoliation instruction in light of the discarded hair dryer. [D.E. 38].

The Court is aware of other cases in which a plaintiff passenger was injured aboard a Carnival cruise ship and the object that purportedly caused the injury was immediately discarded. See, e.g., Walter v. Carnival Corp., 2010 WL 2927962 (S.D. Fla. July 23, 2010). With this in mind, the Court cautions Carnival against establishing a pattern or practice of discarding such objects because such actions could potentially provide a basis for spoliation sanctions or liability in the future.

The parties do not dispute that Carnival had exclusive control over the hair dryer at the time of the incident.

"Federal courts exercising admiralty jurisdiction may be guided by 'the extensive body of state law applying proximate causation requirements and from treatises and other scholarly sources.' " Jones v. Royal Caribbean Cruises, Ltd., 2013 WL 8695361, at *6 n. 4 (S.D. Fla. Apr. 4, 2013) (citing In re Royal Caribbean Cruises Ltd., 991 F.Supp.2d 1171, 1182-83 (S.D. Fla. 2013) and Exxon Co., U.S.A. v. Sofec, Inc., 517 U.S. 830, 839, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996) ).

Like Florida, Georgia law requires expert medical testimony on causation where the causal link between the injury and the incident causing the injury is not a natural inference that a juror could make through human experience. See Wilson, 303 Fed.Appx. at 715 (citing McDaniel v. Employers Mut. Liab. Ins. Co., 104 Ga. App. 340, 121 S.E.2d 801, 804 (1961) ).

See Fed. R. Civ. P. 56(e) ; Local Rule 56.1(b), U.S. District Court for the Southern District of Florida ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.").

The Court need not reach the issue of damages because the analysis above is dispositive.