[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11569

_____

JUDITH WILLIS,

Plaintiff-Appellant,

*versus*

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21192-KMM

_____

Before ROSENBAUM, BRANCH, and BRASHER, Circuit Judges.

BRANCH, Circuit Judge:

Judith Willis brought a three-count maritime negligence action against Royal Caribbean Cruises, Ltd. ("Royal Caribbean") after she fell aboard one of its cruise ships. She alleged that during the ship's muster drill,[1] a Royal Caribbean employee rushed her down a set of stairs—causing her to fall and severely injure her neck.

The district court granted summary judgment in favor of Royal Caribbean. First, on Count I (general negligence) and Count II (negligent failure to warn), the district court found that Willis failed to show that Royal Caribbean had notice of the dangerous conditions that allegedly caused her fall. Second, on Count III (general negligence against Royal Caribbean for its employee's conduct under a theory of vicarious liability), the district court determined that Willis put forth insufficient evidence of medical causation.[2]

On appeal, Willis argues that these conclusions were erroneous and asks us to reverse. After careful review, and with the benefit of oral argument, we conclude that Willis failed to adduce sufficient medical evidence to satisfy proximate cause. And because proximate cause must be satisfied for each of her three

---

[1] Muster drills are safety exercises that cruise lines are required to conduct.

[2] The district court noted that the lack of evidence on medical causation was an additional reason to grant summary judgment on Counts I and II.

negligence-based claims to prevail, we affirm the district court's grant of summary judgment to Royal Caribbean.

## I.  Background

### A.  Factual Background

On May 4, 2019, Willis was a passenger aboard the *Anthem of the Seas*, a Royal Caribbean cruise ship.  Shortly after the ship departed, Willis—like all passengers—was required to participate in a muster drill.  As part of the drill, Willis was directed to the ship's Royal Theater.  According to Willis, once she reached the theater, a Royal Caribbean employee, Valeriya Artyushenko, rushed Willis through the seat-finding process which caused her to fall down a set of steps:

> [Royal Caribbean Counsel]: What happened when you arrived at the theater?
>
> [Willis]: Well, they swiped us in . . . . So we went in and [Artyushenko] comes up to me and says, You're late.  Hurry up.  Get a seat.
>
> So I felt, you know, she was attacking me.  So I said all right.  And I went to the edge of the steps, and I looked around.  I said, where are the seats?  There were tons of people there.
>
> So she said, follow me.  She really had an attitude.  So I held on, and I went down.  And she said go in there.  She points to a place.  I went over there, and there

> was a pole.  And then there was like 6 inches room, and then there was the next banister, the hand.
>
> I said, I can't fit in there.  She said—I'm fat, you know. I can't.  So she said go in there.  I said I can't go in there. I can't climb. I'm old. I'm fat.  So she says, oh, come on, follow me.  So I held on again, and I stepped down and I went down.  I don't know what happened.  I went down.  She was rushing me.

In her amended complaint and throughout her deposition testimony, Willis emphasized that she fell because she was rushed by Artyushenko even though Artyushenko knew that Willis's age and weight limited her physical abilities.  In fact, Willis specifically disclaimed other potential causes; she noted that her view of the steps was not blocked, the lighting was sufficient for her to see, she did not slip on any liquid or foreign substance, and the steps did not surprise her (*i.e.*, she knew she was about to go down steps—she just fell once she started descending them).

According to Willis, the fall "injured her neck, lower back, both arms and hips."  The medical evidence she provided at the district court level, however, focused primarily on her neck injury.[3] That evidence included her deposition testimony that she hurt her neck, an MRI of her neck from June 2019 (roughly one month after

---

[3] On appeal, Willis focuses exclusively on her neck injury.

her fall),[4] and a one-paragraph letter from her treating physician that read:

> [Willis] has been a patient in this medical practice since 2012.  She has been seen on a regular basis because of a number of comorbid medical illnesses. During that period of time there had been no complaint of neck pain until her visit on June 19, 2019. During that visit she did describe a fall that occurred while being on a cruise and related having been seen by an orthopedic surgeon who had requested an MRI of the cervical spine because of pain which she had been suffering from since her fall.  The MRI did indeed show multi-level disc disease of the cervical spine.  There had never been any prior radiologic study of the spine to my knowledge to which any comparison could be made.  I hope this information has been helpful.

B.      *Procedural History*

Willis initially sued Royal Caribbean in March 2020, but then moved to stay the case pending completion of her medical treatment.  The district court granted Willis's motion and stayed the case.  In September 2021, the district court granted Willis's motion to reopen the case, and she filed an amended complaint, which became the operative complaint in this case.

---

[4] The MRI indicated that Willis had some disc herniations (C4-C5; C5-C6) and some bulging discs (C6-C7; C7-T1) in her spinal column.

6                    Opinion of the Court                 22-11569

The operative complaint asserted claims for general negligence, negligent failure to warn, and negligence for Artyushenko's conduct under a theory of vicarious liability. After answering and asserting affirmative defenses, Royal Caribbean filed (1) an omnibus motion in limine that sought to exclude evidence of three prior incidents that Willis sought to introduce to prove that Royal Caribbean was on notice that injuries like hers could occur aboard its ships, and (2) a motion for summary judgment. The district court granted the motion in limine in part, determining that the three prior incidents that Willis pointed to were not "substantially similar" to Willis's fall such that they were inadmissible. Then, the district court granted summary judgment in favor of Royal Caribbean, focusing—in pertinent part—on the fact that Willis lacked medical expert testimony which the district court understood to be required when a plaintiff's complained-of injury is not readily observable.[5]

---

[5] More specifically, as to proximate cause, Willis pointed to (1) her deposition testimony that she hurt her neck, (2) an MRI of her neck from June 2019, and (3) the one-paragraph letter from her treating physician. Royal Caribbean responded that her physician's letter did not "actually opine on whether [Willis's] fall on the cruise caused the injury to her neck" and that expert testimony is required to establish medical causation for conditions that are "not readily observable" under Eleventh Circuit precedent. The district court found that Willis's physician's letter did not adequately address causation because it simply stated that Willis had neck pain and noted that there had not been previous studies of her neck. In other words, the district court understood the evidence to show that Willis had a neck injury, but not show when that injury began or whether that injury was caused by her fall on the

Willis appeals.

## II.     Standard of Review

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  This familiar standard dictates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III.     Discussion

Willis puts forth three arguments.  First, she argues that the district court erred in excluding the prior incident evidence she sought to introduce.  Second, on the issue of medical causation, she argues that the district court erred procedurally—by prematurely shifting the summary judgment burden from Royal Caribbean to her—and substantively—by wrongfully determining that she did not present sufficient evidence.  Third, she argues that the district court erred in determining that she did not present sufficient evidence in support of her vicarious liability claim.

We start our analysis by jumping straight to Willis's second argument (medical causation) because causation is an element required by each of her three negligence-based claims.  We conclude that Willis fails to provide sufficient evidence to create a

---

ship.  As such, the district court determined that Willis had not "borne her burden of bringing forth medical expert evidence opining on . . . causation."

genuine dispute of material fact as to medical causation and, therefore, we affirm the district court's grant of summary judgment to Royal Caribbean.[6]

### A. Medical Causation

The district court found that Royal Caribbean was "entitled to summary judgment on all claims . . . for which causation is an essential element" (*i.e.*, each of Willis's claims) because Willis "has not borne her burden of bringing forth medical expert evidence opining on the issue of causation." Willis argues that the district court erred in making this determination because she put forth three pieces of evidence that were sufficient to satisfy her burden regarding medical causation: (1) her deposition testimony that she hurt her neck when she fell, (2) the June 2019 MRI showing injuries to her neck, and (3) the one-paragraph letter from her treating physician that referenced her neck injury.[7] We agree with the district court and conclude that Willis's evidence is insufficient.

As an initial matter, "[m]aritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable

---

[6] In light of this conclusion, we need not analyze Willis's first argument (prior incident evidence). Even if she were to prove that the district court's "substantial similarity" analysis—which undergirded its decision to partially grant Royal Caribbean's motion in limine—constituted an abuse of discretion, it would not change our ultimate conclusion in light of her failure to satisfy the causation requirement.

[7] Willis also argues that the district court prematurely shifted the summary judgment burden from Royal Caribbean to her because Royal Caribbean had not yet "negate[d]" an element of her claim. Willis misstates the fundamental

waters." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019). Along with our judicially created body of maritime law, we "rely on general principles of negligence law" in analyzing a maritime tort case. *Id.* (quotation omitted); *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("For maritime tort cases in particular, we rely on general principles of negligence law." (quotation omitted)). Those general principles, of course, require a plaintiff to show that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

---

legal principle. The correct principle is simply that "[t]he moving party bears the initial burden to show the district court, by reference to the materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a[n] . . . issue of [material] fact that precludes summary judgment." *Id.* But when the non-moving party bears the burden of proof on an issue at trial, the moving party need not "support its motion with affidavits or other similar material *negating* the opponent's claim" in order to discharge this initial responsibility. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis in original). Instead, the moving party may simply "point out to the district court that there is an absence of evidence to support the nonmoving party's case." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (alterations adopted). Royal Caribbean satisfied this requirement and met its initial burden—it showed the district court that Willis could not prove the causation element because she lacked medical expert testimony that opined on the cause of her neck injury. Willis's argument that Royal Caribbean had to do more is incorrect.

The third element (causation) requires a plaintiff to show that "the breach actually and proximately caused the plaintiff's injury." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167–68 (11th Cir. 2021); *see also Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020) ("It is textbook tort law that a plaintiff seeking redress for a defendant's legal wrong typically must prove but-for causation." (quotation omitted)); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014) ("For centuries, it has been a well established principle of [the common] law, that in all cases of loss, we are to attribute it to proximate cause, and not to any remote cause." (quotation omitted)).

Our analysis of the causation question in this appeal boils down to the following question: What does a plaintiff need to show to prove causation in a maritime negligence claim involving non-observable medical injuries?

The district court understood our law to require medical expert testimony to prove causation for non-observable medical injuries. That interpretation is understandable because we have relied on such a rule in our unpublished case law. *See, e.g., Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) (unpublished) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."). And, relying on our unpublished case law, this rule has become well-accepted and oft-applied among district courts in our Circuit. *See, e.g., Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1285 (S.D. Fla.

Apr. 22, 2019) ("Courts have recognized that soft-tissue injuries, such as lower back pain are not a readily observable medical condition[] and, therefore, expert testimony as to the cause of such injuries is required." (quotation omitted)); *Landivar v. Celebrity Cruises, Inc.*, 584 F. Supp. 3d 1150, 1159–60 (S.D. Fla. Feb. 8, 2022) ("Only expert testimony can support a finding of medical causation if the causal connection between the breach and the harm is not readily observable or susceptible to evaluation by lay persons." (quotation omitted)); *Taylor v. Royal Caribbean Cruises Ltd.*, 437 F. Supp. 3d 1255, 1261 (S.D. Fla. Feb. 4, 2020) ("In cases where injuries are not readily observable or susceptible to evaluation by lay persons, expert testimony is required to establish medical causation." (quotation omitted)).  This body of case law, however, does not bind our instant analysis.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292 n.3 (11th Cir. 2008) ("Because these opinions were unpublished . . . they have no precedential value."); *Washington v. Rivera*, 939 F.3d 1239, 1244 n.8 (11th Cir. 2019) ("[D]istrict court opinions are not binding precedent.").

Tracing this rule back to its roots, we find that our unpublished cases (as well as the district court cases in our Circuit) generally cite *Allison v. McGhan Medical Corporation*, 184 F.3d 1300 (11th Cir. 1999), for the rule that non-observable injuries require medical expert testimony to prove causation.  *See, e.g.*, *Rivera*, 711 F. App'x at 954–55.  *Allison*, however, interpreted Georgia's substantive negligence law—rather than common law negligence or maritime negligence.  184 F.3d at 1320 (applying Georgia law and concluding that because whether "breast implants can and did

cause systemic disease in Allison is not a natural inference that a juror could make through human experience," medical expert testimony was necessary in order to prove causation). Thus, before we cement the non-observable injury rule from *Allison* in our maritime law, we make sure that such reliance is proper.

Without a controlling maritime principle, as is the case here, "courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." *Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., Inc.*, 207 F.3d 1247, 1251 (11th Cir. 2000); *see also Steelmet, Inc. v. Caribe Towing Corp.*, 779 F.2d 1485, 1488 (11th Cir. 1986) ("One must identify the state law involved and determine whether there is an admiralty principle with which the state law conflicts, and, if there is no such admiralty principle, consideration must be given to whether such an admiralty rule should be followed."). Looking to Florida negligence law,[8] we find the same rule: non-readily observable injuries require expert medical evidence to prove causation. *See Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992) ("Lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." (quotation omitted and alteration adopted)); *see also Wausau Ins. Co. v. Tillman*, 765 So. 2d 123, 124 (Fla. 1st DCA

---

[8] According to Willis's complaint, Royal Caribbean has its principal place of business in Florida and "[t]he acts of [Royal Caribbean] set out in th[e] [c]omplaint occurred in whole or in part in this county and/or state." Florida law is further appropriate because neither party disputes the application of Florida law. *Coastal Fuels*, 207 F.3d at 1252 n.1.

2000) (collecting cases). Thus, we wind up with the rule we started with—*Allison*'s conclusion that non-readily observable injuries require medical expert testimony to prove causation. 184 F.3d at 1320.

There is no indication that this rule would "frustrate national interests in having uniformity in admiralty law." *Coastal Fuels*, 207 F.3d at 1251. In fact, other states in our Circuit follow this rule, or one similar. The non-readily observable injury rule is a fixture of Georgia law (as covered in this opinion). *See, e.g.*, *Allison*, 184 F.3d at 1320. And Alabama courts have applied it as well, but not in the causation context. *See, e.g.*, *Cajun Operating Co. v. Elijah*, 163 So. 3d 1037, 1041 (Ala. Civ. App. 2014) ("Although some injuries that are observable to the jury do not require expert evidence to permit the jury to determine that the injuries are permanent, vision injuries such as the nonobservable complaints raised by Elijah are not matters of common knowledge from which a layperson could infer their permanence.").

Accordingly, we formally recognize in the maritime context that non-readily observable injuries require medical expert testimony to prove causation. *Tesoriero*, 965 F.3d at 1178 ("[I]n the absence of an established federal maritime rule, we may borrow from a variety of sources in establishing common law admiralty rules to govern maritime liability where deemed appropriate." (quotation omitted)).

With the law established, we turn back to Willis's injury and her supporting causation evidence. While her complaint

references her injuries in only general terms (*e.g.*, "Plaintiff was injured about Plaintiff's body and extremities"), she later provided sworn testimony that her lawsuit is based on injuries to her neck:

> [Royal Caribbean Counsel]:  Can you tell me what injuries you're claiming to have suffered in the accident on the [cruise ship] in May of 2019?
>
> [Willis]:  What injuries?  Well, I hurt my neck.  I'm told I have herniated discs, and I have something leaning on a nerve.  I hurt my neck, the discs in my neck.
>
> . . .
>
> [Royal Caribbean Counsel]: Okay. Any other injuries that you're claiming aside from your neck pain that radiates to your head, shoulders, and arms?
>
> [Willis]:  And back, top back.
>
> [Royal Caribbean Counsel]:  Top of your back?
>
> [Willis]:  Not from that accident.

Neither party disputes that her complained-of neck injury is a non-observable injury.

Her first two pieces of evidence (her own testimony about her neck injury and the MRI itself) are clearly not medical expert testimony and thus are not sufficient to establish proximate cause. Willis herself is not a medical expert.  Similarly, her MRI—although performed by a medical doctor who noted, among other things, that Willis had disc herniations and bulging discs in her neck—does not touch on anything other than the condition of her

neck and, therefore, cannot be considered an expert explanation regarding *causation*. Willis's final piece of evidence, her physician's letter, lacked any discussion of, or reference to, causation of her neck injury altogether. While the letter creates a baseline (*i.e.*, Willis had been seen on a regular basis without complaining of neck pain prior to the incident) and analyzes the MRI to state that it "show[s] multi-level disc disease of the cervical spine," nothing links Willis's disc disease to her fall on the cruise ship. The letter simply lacks the necessary specificity to establish proximate cause as it pertains to non-readily observable injuries like Willis's neck injury.[9] And because proximate cause is a necessary element for Count I (general negligence) and Count II (negligent failure to warn), the district court correctly granted summary judgment.

### B. *Vicarious Liability*

Finally, the district court determined that because Willis was unable to adduce evidence sufficient to create a genuine issue of material fact as to causation, Willis's vicarious liability claim (Count III) also necessarily failed. Because vicarious liability still requires causation, *see Yusko*, 4 F.4th at 1167–68, and Willis lacks evidence to satisfy that element, her claim that the district court

---

[9] Willis's additional argument that she should have been permitted to testify as to damages misses the mark because, as analyzed above, it is clear that she cannot satisfy the other necessary elements of her negligence-based claims. *See generally Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279–80 (11th Cir. 2015) (listing the four elements, each of which a plaintiff must satisfy, in order to prevail on a claim under maritime negligence law).

erred in holding that she did not present sufficient evidence in support of her vicarious liability claim is a non-starter.[10]

## IV.    Conclusion

The district court got it right. We conclude, after clarifying our law, that the district court was correct in determining that Willis failed to adduce sufficient evidence to create a genuine issue of material fact as to medical causation because she had no medical expert opinion evidence regarding the proximate cause of her non-observable neck injury. Thus, each of Willis's three negligence-based claims necessarily failed and the district court correctly granted summary judgment to Royal Caribbean.

**AFFIRMED.**

---

[10] Willis argues that notice (which the district court determined she was unable to satisfy because her prior incident evidence was not "substantially similar" to her factual situation) is not a required element of vicarious liability, so her claim should be allowed to proceed. *See Yusko*, 4 F.4th at 1167 ("[T]he notice requirement does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability."). But the lack of a notice requirement does not matter in this case because Willis still has to show that the injury was caused by the actions of Artyushenko, and at that point she runs into the same problem analyzed above.